597 F.Supp. 98 (1984)
ST. LOUIS HOME INSULATORS, et al., Plaintiffs,
v.
BURROUGHS CORPORATION, Defendant.
No. 84-008C(B).
United States District Court, E.D. Missouri, E.D.
October 5, 1984.
James D. Cullen, Helton Reed, St. Louis, Mo., for plaintiffs.
Steven McCormick and Robert Shapiro, Chicago, Ill., Richard Cornfeld, Mark Bayles, St. Louis, Mo., for defendant.

ORDER DENYING REMAND
REGAN, District Judge.
For consideration is plaintiffs' motion to remand this cause to the Circuit Court of the City of St. Louis on the ground that the cause was removed more than thirty days after defendant was served with process.
Section 1446(b), 28 U.S.C. provides in relevant part that the petition for removal shall be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth a removable claim. Inasmuch as defendant was served with a copy of the initial petition on June 28, 1983 but did not file its petition for removal until January 4, more than six months thereafter, it is obvious that the removal was effected long after the statutorily prescribed thirty day period.
Plaintiffs argue that jurisdiction cannot be conferred by consent. That is, of course, true (even as to a timely petition for removal) if, for example, there is no *99 diversity of citizenship or the amount involved is less than $10,000. Such is not the instant case. Here, there is the requisite amount and the diversity of citizenship necessary to give this Court jurisdiction of the case. It is now well settled that the statutory time limit for removal petitions is not jurisdictional but is merely a formal and modal requirement for transferring to the federal court a civil action such as the instant one of which the court would have had original jurisdiction. See, for example, Mackay v. Uinta Development Co. 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); Fristoe v. Reynolds Metals Co., 615 F.2d 1209 (9 Cir.1980); and Leininger v. Leininger, 705 F.2d 727 (5 Cir.1983); Nevertheless, the time limit is mandatory and a timely objection to a late petition for removal will result in remand. However, the statutory time limit may be waived or the party may be estopped from objecting to untimeliness by his conduct after removal. Harris v. Edward Hyman Co., 664 F.2d 943 (5 Cir.1981); Leininger v. Leininger, supra; Mackay v. Uinta Development Co., supra; Green v. Zuck, 133 F.Supp. 436 (D.C.N.Y.1955).
The verified petition for removal in this case specifically alleges that "plaintiffs have waived any and all objections to the timeliness of said filing." Attached to the petition for removal was the return of the sheriff certifying that service was had on June 28, 1983. Plaintiffs took no exception to the claim of waiver by them. Instead, they accepted the verity of the allegation by vigorously prosecuting this case. Inter alia, in March and again in May they filed interrogatories on the merits directed to defendant and filed requests for admissions and for production of documents. They entered into and obtained the approval of the Court to a confidentiality agreement in June. They noticed witnesses for depositions, and filed interrogatories to ascertain the names and addresses of all witnesses defendant might call at the trial.
An aborted jury trial was held for three days, at which plaintiffs presented virtually all their witnesses and exhibits. That trial would have proceeded to judgment in early August, 1984 but for the fact that for reasons extraneous to the conduct of the trial, the Court sua sponte declared a mistrial. Defendant's motion for summary judgment on each of the three counts of the Complaint (contested by plaintiffs) which was based solely on limitations resulted in the dismissal of two counts. The third (fraud) count was left for determination on condition that plaintiffs file an amended complaint complying with Rule 9(b) FRCP.
Plaintiffs filed their amended complaint (after first obtaining an order extending the time for doing so) in which they affirmatively sought judgment in this Court. Thereafter, with the fraud claim set for trial on October 1, defendant moved for a dismissal for failure to state a claim. After considering the motion and plaintiffs' response thereto, the Court concluded that the motion was well taken and orally notified the parties that the motion would be sustained. A formal order of dismissal was not entered due to lack of time to prepare formal opinion.
Plaintiffs' motion to remand was filed the following day. In support thereof plaintiffs apparently rely in part on the contention that a request for removal may be made at any time prior to entry of final judgment. Although it is true that in most of the relevant reported cases an unsuccessful motion to remand was made after final judgment had been entered, we find no basis for requiring that the case be in that posture. Only the fortuitous circumstance that as a courtesy to counsel (in order to permit them to avoid the trouble and expense of subpoening their witnesses) we gave advance notice of our intended ruling gave plaintiffs time to hurriedly prepare and file their motion to remand prior to final judgment.
We add that there is no merit to plaintiffs' contention that Section 1447(c), 28 U.S.C. specifically directs the court to order the relief (i.e. remand) which plaintiffs now seek. That statute provides that "if at any time before final judgment it appears that *100 the case was removed improvidently and without jurisdiction, the court shall remand the case." The key words which the plaintiffs overlook are "and without jurisdiction."
We are convinced that plaintiffs waived any objection to the timeliness of the removal petition, both on the basis of the verified allegation therein and plaintiffs' conduct thereafter, and that in any event, by their conduct, plaintiffs are estopped from objecting to the late removal. It is obvious that if the case had ended in a judgment for plaintiffs, they would have continued to maintain their silence on this issue. In our judgment, under the circumstances of this case, it would be "offensive to fundamental principles of fairness" and justice to allow plaintiffs to have it both ways.
It follows that plaintiffs' motion to remand should be and it is hereby DENIED.