3 F.Supp.2d 1082 (1998)
Charles GRAMC, Plaintiff,
v.
MILLAR ELEVATOR COMPANY/SCHINDLER ENTERPRISES, Defendant.
No. 4:98-CV-557 CAS.
United States District Court, E.D. Missouri, Eastern Division.
May 14, 1998.
Debbie S. Champion, Associate, Jeffry S. Thomsen, Evans and Dixon, St. Louis, MO, for Plaintiff.
Dean L. Franklin, Partner, Steven E. Garlock, Daniel J. Carpenter, Thompson Coburn, St. Louis, MO, for Defendant.

*1083 MEMORANDUM AND ORDER OF REMAND

SHAW, District Judge.
This matter is before the Court on defendant's Memorandum of Removal filed in response to the Order Concerning Removal and plaintiff's Motion for Remand. For the reasons which follow, the Court concludes it lacks subject matter jurisdiction over this action and will grant plaintiff's Motion for Remand.

Background.
Plaintiff initially filed suit in the Circuit Court of the City of St. Louis, Missouri. This is a products liability case in which plaintiff alleges he suffered personal injuries when an elevator in which he was riding dropped, causing him to fall. Plaintiff alleges the elevator was defective and unreasonably dangerous, and that defendant designed, manufactured, distributed, sold, maintained and/or modified the elevator. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.
On April 16, 1998, the Court issued its Order Concerning Removal requiring defendant to verify plaintiff's citizenship and to establish to a legal certainty the existence of the requisite amount in controversy for diversity jurisdiction. On April 22, 1998, plaintiff moved to remand on the basis that the amount in controversy does not exceed the jurisdictional amount of $75,000.

Discussion.
As an initial matter, it is now uncontroverted that complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a).
Defendant offers the following arguments to establish the requisite amount in controversy: (i) plaintiff has refused to stipulate in writing that the amount in controversy will not exceed $75,000.00; (ii) plaintiff has made allegations of permanent and serious injury, lost wages and potential future lost wages, past and future pain and suffering, and past and future medical expenses; and (iii) in response to defendant's request for admission, plaintiff would neither admit nor deny that his damages may exceed $75,000.00 in the future. Defendant cites several cases which have required stipulations by plaintiffs concerning the amount in controversy, and notes that because a case may not be removed more than one year after its commencement under 28 U.S.C. § 1446(b), plaintiff may wait one year and then seek an amount in excess of $75,000.00, thus "successfully manipulat[ing] the system" to avoid removal.
In response, plaintiff states that he has never asserted his case is valued in excess of $75,000.00, he received only soft tissue injuries and has incurred approximately $7,500.00 in medical expenses, he has made a demand from defendant pursuant to R.S.Mo. § 408.040(2) (1994) for the sum of $50,000.00, and at the present time he values this matter at less than $75,000.00. Plaintiff notes that he has not received medical treatment for his injuries in the past year and does not anticipate receiving medical treatment in the future, although he "cannot see into the future to determine whether he may discover any further injury or damage resulting from this accident." (Pl.'s Reply at 2.)
The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Therefore, any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993); McHugh v. Physicians Health Plan of Greater St. Louis, 953 F.Supp. 296, 299 (E.D.Mo.1997); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing;" thus, "uncertainties are resolved in favor of remand.")
The amount in controversy requirement of diversity jurisdiction is strictly construed, as its underlying purpose is to limit *1084 the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Visintine v. Saab Auto., A.B., 891 F.Supp. 496, 498 (E.D.Mo.1995). To meet its burden with regard to the jurisdictional amount, the removing party "must show that it appears to a `legal certainty' that the amount in controversy" exceeds $75,000.00. Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D.Mo.1997) (citing Visintine, 891 F.Supp. at 497); Supermarket Merchandising & Supply, Inc. v. Vaughan, No. 4:95-CV-1139 JCH, slip op. at 3 (E.D.Mo. Aug. 28, 1995) (same).
This Court does not require a plaintiff to stipulate that the amount in controversy will not exceed $75,000.00 as a prerequisite to remand, although a plaintiff may choose to make such a stipulation. The cases from other jurisdictions cited by defendant which impose such a requirement are not binding on this Court. Plaintiff's refusal to so stipulate does not, of itself, establish the requisite amount in controversy.
Plaintiff's petition contains the standard language listing a litany of injuries, but the evidence is that plaintiff has incurred medical bills of only $7,500.00, and he asserts that none were incurred in the past year. There is no evidence concerning the amount of lost wages or any other items of damage.[1] Further, while this Court has stated that "the mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount", Corlew, 983 F.Supp. at 880, a settlement demand may be relevant in determining the amount in controversy and is persuasive where, as here, it seeks an amount less than the jurisdictional amount.[2]
Having considered the arguments and evidence offered by defendant in support of removal, the Court finds defendant has failed to show to a legal certainty that plaintiff will recover an amount in excess of $75,000.00.[3]

Conclusion.
For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action, and the same should be remanded to state court.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's Motion for Remand is GRANTED. [Doc. 8]
IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court for the City of St. Louis, Missouri.
NOTES
[1] In Daniele v. Ford Motor Co., No. 4:96-CV-1903 CAS (E.D.Mo. Dec. 11, 1996), the Court concluded that defendant failed to establish the requisite amount in controversy (then $50,000.00) under somewhat similar circumstances. The plaintiff in Daniele required knee surgery and had soft tissue back injuries. At the time of removal, plaintiff had medical expenses of approximately $8,400.00, and lost wages of $3,600.00. Plaintiff had settled a worker's compensation claim arising from the same incident at a 22 ½% permanent disability of his knee, and the Missouri Division of Worker's Compensation asserted a subrogation interest in the case for the sum of $18,001.14. Further, plaintiff had sent defendant a demand letter pursuant to R.S.Mo. § 408.040(2) (1994), seeking the sum of $30,000.00 for full settlement of his claim. There is less evidence concerning the amount in controversy in this case than was present in Daniele, and the jurisdictional amount is now $25,000.00 higher. See also Rodery v. Hardee's Food Systems, Inc., 995 F.Supp. 999, 1000 (E.D.Mo.1998) (remanding case for insufficient amount in controversy where only damages shown by defendant were plaintiff's medical expenses and lost wages totalling approximately $8,400.00.)
[2] In Corlew, the defendant attempted to establish the requisite amount in controversy solely on the basis of plaintiff's demand letter, which sought an amount in excess of the jurisdictional minimum. The Court concluded that such a demand alone, without any evidence of actual damages, was insufficient to meet defendant's burden to establish the existence of subject matter jurisdiction.
[3] Even if a preponderance of the evidence standard were applicable, the Court finds defendant has not provided sufficient evidence to meet that standard. Cf. Commercial Coverage, Inc. v. Paradigm Ins. Co., 998 F.Supp. 1088, 1089-90 (E.D.Mo.1998).