110 F.Supp.2d 1197 (2000)
Zachary T. PERRY, Plaintiff,
v.
Curtis Bruce WILLIS, Defendant.
No. 4:00-CV-1004 CAS.
United States District Court, E.D. Missouri, Eastern Division.
August 7, 2000.
Rex V. Gump, Gary A. Tatlow, Christian L. Faiella, Tatlow and Gump, Moberly, MO, Bob Parrish, Juddson H. McPherson, Parrish and Jacobs, Joplin, MO, for Zachary T. Perry, plaintiff.
Jerome J. Duff, Thomas R. McDonnell, Duff and Associates, Inc., St. Louis, MO, for Curtis Bruce Willis, defendant.

*1198 MEMORANDUM AND ORDER

SHAW, District Judge.
This matter is before the Court on plaintiff's motion to remand this case to state court because defendant's notice of removal was untimely. Plaintiff Zachary Perry, a Missouri resident, filed this personal-injury automobile-accident action on October 7, 1999, in Missouri state court against defendant Curtis Bruce Willis, a Virginia resident. The complaint sought damages of an unspecified amount for pain and suffering from injuries including fractured bones, medical bills, permanent disability and wage loss. Defendant was served on October 20, 1999.
On February 28 and April 27, 2000, plaintiff responded to interrogatories inquiring about the amount of damages he was seeking, by saying the amount was as yet undetermined. On May 16, 2000, plaintiff filed an Offer of Judgment in the amount of $75,001. Plaintiff did not accept the offer within ten days, and thus under Missouri Rule of Civil Procedure 77.04, the offer was deemed rejected as of May 28, 2000. On June 19, 2000, defendant removed the action to this Court under 28 U.S.C. § 1441(b), asserting this Court had original diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff does not dispute that the $75,000 amount-in-controversy requirement for diversity jurisdiction is met, but argues that the case must be remanded because the notice of removal was filed beyond the thirty-day time limit of 28 U.S.C. § 1446(b). Defendant asserts its notice of removal was timely in that it was filed within thirty days of May 28, 2000, when it first became clear that the amount-in-controversy requirement was met.
Section 1446(b) provides that notice of removal must be filed within thirty days after service on the defendant. The section goes on to state as follows:
If the case stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] of this title more than 1 year after commencement of the action.
Although the thirty-day time limit is not jurisdictional, it is mandatory. McHugh v. Physicians Health Plan of Greater St. Louis, Inc., 953 F.Supp. 296, 299 (E.D.Mo.1997). Furthermore, the removal statutes are to be strictly construed, and all doubts about federal jurisdiction must be resolved in favor of remanding the case to state court. In re Business Men's Assur. Co., 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). The defendant, as the removing party, bears the burden of establishing the right to removal. Gramc v. Millar Elevator Co., 3 F.Supp.2d 1082, 1083 (E.D.Mo.1998).
There are two general lines of authority among district courts on the issue presented  when does the defendant's time for removal begin to run when the state-court complaint is indeterminate of the amount in controversy? Some courts adopt a policy that does not require a defendant to speculate about jurisdictional elements. These courts reason that the problem is caused by the plaintiff who can readily avoid a delay in removal by specifying in the complaint that the amount claimed against a diverse defendant meets the amount in controversy necessary for federal jurisdiction. See, e.g., Bilquist v. Wal-Mart Stores, Inc., slip op. (E.D.La. May 22, 2000), 2000 WL 669639 (holding that plaintiff's denial of Request for Admission: "Do you admit that your damages do not exceed the sum of $75,000?" triggered thirty-day removal period where complaint did not specify amount of damages); Webb v. Home Depot, USA, Inc., slip op. Civ.A. 00-A-220-N (M.D.Ala. Mar.27, 2000), 2000 WL 351992 (holding that a notice of removal *1199 was timely where it was filed within thirty days of answers to interrogatories in which plaintiff indicated for the first time that the amount in controversy was over $75,000).
Other courts take the view that where the allegations of the initial complaint are sufficient to alert the defendant to the potential for removal, the defendant must investigate and place a reasonably accurate value on the plaintiff's claim within the thirty-day removal period. See, e.g., Marler v. Amoco Oil Co., 793 F.Supp. 656 (E.D.N.C.1992); Kaneshiro v. North Am. Co. for Life & Health Ins., 496 F.Supp. 452 (1980); Horak v. Color Metal of Zurich, Switzerland, 285 F.Supp. 603, 605 (D.N.J. 1968).
The Fifth Circuit appears to be the only circuit to have addressed this issue.[1] In Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir.1992), cert. denied, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993), that Court ruled the thirty-day time period begins running upon receipt of the initial complaint "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Id. at 163 (footnote omitted). The Court reasoned such a rule would discourage premature removal, and held that a plaintiff who wished the thirty-day period to run from defendant's receipt of the initial pleading must make in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." Id. at 163.
The Court does not find the Chapman line of authority persuasive, given the strict construction to be applied to the removal statutes. As noted above, where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to state court. Furthermore, this line of authority places the burden on the plaintiff to plead the amount of damages with a degree of specificity not required by the state court.
The Court believes the better rule is to place the burden on the defendant desiring removal to scrutinize the pleadings to avoid the untimely filing of a notice of removal. It is then incumbent upon the federal court, recognizing it is a court of limited jurisdiction, to determine whether sufficient grounds for removal, as alleged by defendant, exist. See Kaneshiro v. North Am. Co. for Life & Health Ins., 496 F.Supp. at 460.
The Court believes the language of § 1444(b) also supports this conclusion. The alternative time period applies only "[i]f the case stated in the initial pleading is not removable." The case here was in fact removable when it was filed. There was no subsequent event which made it removable. Defendant may not have ascertained within thirty days of service that the case was removable, but, in fact, it was.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand is GRANTED. [Doc. 16]
IT IS FURTHER ORDERED that this case is remanded to the Circuit Court of the City of St. Louis.
A separate Order of Remand shall accompany this Memorandum and Order.

ORDER OF REMAND
In accordance with the Memorandum and Order filed herein on this date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that this case is REMANDED to the Circuit Court for the City of St. Louis, Missouri.
NOTES
[1] This is not surprising, given that orders of remand are generally not appealable.