**LINK TELECOMMUNICATIONS, INC. Plaintiff**

v.

**Mark SAPPERSTEIN, et al. Defendants**

**No. CIV. H–00–2101.**

United States District Court, D. Maryland.

Nov. 8, 2000.

Patricia Nimmerrichter Drummond, Law Office, Upper Marlboro, MD, William R. Voltz, Washington, DC, for Link Telecommunications, Inc.

Kathleen M. McDonald, Kerr McDonald, LLP, Baltimore, MD, Christina Isabel Flores, Kerr, McDonald, LLP, Baltimore, MD, for Mark Sapperstein, Shore Communications, West Shore Communications, Inc., 28 Walker Associates, LLC.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, District Judge.

Plaintiff Link Telecommunications, Inc. ("Link") is a Maryland corporation which does technical and business consulting work for the wireless communications industry. On August 5, 1999, Link filed a nine count complaint in the Circuit Court for Anne Arundel County ("the State Court"). *Link Telecommunications, Inc. v. Sapperstein, et al.*, Case No. C–1999–56827 (Cir. Ct. for Anne Arundel County). Six defendants were named in the complaint, as follows: Mark Sapperstein, Shore Communications, West Shore Communications, Inc., 28 Walker Associates, LLC, Jay Winer and Communications, Inc.[1]

It is alleged in the complaint that Link engaged in a series of transactions and discussions with the defendants regarding Link's business plan for a new microwave communications system to serve an area from Ocean City through Salisbury and into the Baltimore area. According to Link, it was led to believe throughout these discussions that it would enter into a business partnership with the defendants in order to jointly develop and manage the new network. Link claims that instead the defendants misappropriated and wrongly converted and used its business

---

1. Communications, Inc. has been dismissed as a defendant in the case without prejudice.

plan for their own benefit without ever compensating Link.

On July 11, 2000, four of the defendants filed in this Court a Notice of Removal, alleging that plaintiff's claims in this case arise under the federal Copyright Act, 17 U.S.C. § 102(a).[2] Presently pending in the case is a motion to remand and an amended motion to remand filed by plaintiff Link.[3] Memoranda in support of and in opposition to plaintiff's amended motion to remand have been filed by the parties.[4]

The Court has now had an opportunity to review the pleadings and memoranda, including pleadings filed by the parties in the State Court. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated herein, plaintiff's amended motion to remand will be granted.

## I

### State Court Procedural History

On October 13, 1999, defendants filed in the State Court a motion to dismiss plaintiff's complaint primarily on the ground that "the claims in the Complaint are necessarily preempted by either the Federal Copyright Act of 1976, or by the Maryland Uniform Trade Secrets Act." Before the State Court had ruled on that motion, Link filed an amended complaint on January 14, 2000.[5] On January 27, 2000, the defendants filed a motion to dismiss the amended complaint based on essentially the same grounds asserted in their original motion to dismiss.

On May 1, 2000, oral argument was heard on defendants' motion to dismiss before Judge Michael E. Loney of the

Circuit Court for Anne Arundel County. On May 4, 2000, Judge Lonely issued a Memorandum Opinion granting defendants' motion to dismiss Counts VI and VII of the amended complaint, but denying defendants' motion to dismiss the other Counts. The Court specifically denied defendants' motion to dismiss the amended complaint on the ground of preemption, stating:

A justiciable controversy clearly exists between the parties concerning the alleged conversion of plaintiff's proposal and ideas. Moreover, a factual dispute exists as to whether plaintiff's "proposal" was a tangible medium sufficient to bring it under the jurisdiction of the Federal Copyright Act. (Slip op. at 5).

Thereafter, on June 14, 2000, defendants completed the taking of the deposition of Link's President, George Chamberlain.[6] Defendants' Notice of Removal was filed in this Court on July 11, 2000. According to defendants, the Notice of Removal was timely filed under 28 U.S.C. § 1446(b) because it occurred within thirty days of the date of Chamberlain's deposition.

## II

### Applicable Principles of Law

#### (a)

#### Jurisdiction

■ "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Federal courts "possess only that power authorized

---

**2.** Jay Winer, the only other defendant remaining in the case, later consented to the removal of the case to this Court.

**3.** There is also pending a motion for summary judgment filed by four of the defendants. As the Court has advised counsel, that motion has been held in abeyance until after the Court has ruled on plaintiff's amended motion to remand.

**4.** At the request of the Court, the parties have filed supplemental memoranda discussing

whether this case was timely removed pursuant to 28 U.S.C. § 1446.

**5.** The amended complaint added a single new count alleging a violation of the Maryland Uniform Trade Secrets Act.

**6.** That deposition was commenced on April 12, 2000 and was continued on June 14, 2000.

by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Pursuant to 28 U.S.C. § 1331, "[t]he district courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division ... where such action is pending." Accordingly, an action filed in a state court that presents a question arising under federal law may be removed to federal district court "without regard to the citizenship or residence of the parties."

■ In order to determine if an action arises under federal law, a court must apply the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Since "[t]he well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction," *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in pleading its case. *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. 2425.

■ Federal preemption is generally a defense to a plaintiff's action, and ordinarily does not appear on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In certain circumstances, however, "the pre-emptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar, Inc.*, 482 U.S. at 393, 107 S.Ct. 2425 (quoting *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 107 S.Ct. 1542). This so-called complete preemption occurs when "an area of state law has been [so] completely pre-empted, [that] any claim purportedly based on th[e] pre-empted state law is considered ... a federal claim." *Id.* When state-law claims are completely preempted by federal law, the plaintiff's complaint arises under federal law and removal is proper. *Metropolitan Life Ins. Co.*, 481 U.S. at 67, 107 S.Ct. 1542.

### (b)

### *Copyright Law and Federal Preemption*

Section 301(a) of the Copyright Act states in pertinent part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 ... are governed exclusively by this title.

17 U.S.C. § 301(a).

Thus, § 301(a) preempts state-law claims if "the work is within the scope of the 'subject matter of copyright' as specified in 17 U.S.C. §§ 102, 103" and "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set forth in 17 U.S.C. § 106." *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir.1985).

It is well established that the scope of preemption under § 301 is not the same as the scope of copyright protection, and the

former is in fact broader than the latter. *United States ex rel Berge v. Board of Trustees of Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir.1997). Courts have made clear that, although the Copyright Act does not protect mere ideas alone, the scope of § 301 preemption includes state law claims with respect to uncopyrightable as well as copyrightable material, precisely because if the law were otherwise, "states would be free to expand the perimeters of copyright protection to their own liking, on the theory that preemption would be no bar to state protection of material not meeting federal statutory standards." *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 200 (2d Cir. 1983).

■ Section 106 of the Copyright Act provides a copyright owner with the exclusive right to: "(1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly." *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir.1992). In order to ascertain whether a specific state cause of action involves a right equivalent to one of those identified in § 106 of the Copyright Act, reference must be made to the elements of the state cause of action. *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir.1993). State law claims that infringe one of the exclusive rights contained in § 106 are preempted by § 301(a) if the right defined by state law " 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights.' " *Computer Assocs. Int'l*, 982 F.2d at 716 (citation omitted). In *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 233 (4th Cir.1993), the Fourth Circuit found that the Copyright Act preempted certain claims asserted in state court and that removal of the case to federal court was proper.

(c)
### Procedure for Removal

■ "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes ...." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Although 28 U.S.C. § 1441 in general provides a defendant with a right to remove an action from state to federal court, the procedures for removal are set forth in § 1446. In particular, § 1446(b) sets forth time requirements, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based
>
> ....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In *Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir.1997), the Fourth Circuit considered in some detail the language of § 1446(b). Where an initial pleading reveals a ground for removal, the defendant will be bound to file a notice of removal within 30 days. *Id.* at 162. If no grounds for removal are revealed on the face of the complaint, then a defendant is not initially bound by the thirty-day time limit. However, if a defendant later receives "through service or otherwise, ... a copy of an

amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable," then a defendant will have an additional thirty days from receipt of such document to file a notice of removal. *Id.* Therefore, "the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." *Id.* Nevertheless, the *Lovern* opinion cautions that the "extension of the removal period in the case where the initial pleading does not state the factual or legal bases for removal should not be allowed to cover strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position." *Id.* at 163.

Many decisions have articulated that the purpose of the time requirements in the removal procedures is to prevent "undue delay in removal and the concomitant waste of judicial resources." *Id.* Moreover, the statute is designed to avoid a situation in which a "Defendant, once having identified the case as one removable to federal court, could retain the unfair advantage of being able to remove the case at will, enabling a Defendant to exercise his unilateral power of removal at a strategic juncture in the litigation." *Hubbard v. Union Oil Co. of California,* 601 F.Supp. 790, 795 (S.D.W.V.1985). As summarized by the Court in *Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1199 (D.R.I.1986):

> The thirty day limitation mandated by § 1446(b) has a dual purpose. On the one hand, it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 965 (7th Cir.1982). On the other hand, the statutory re-

quirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court.

■ Federal circuit courts have not adopted a uniform test pursuant to which a district court may undertake to determine exactly when "the case stated by the initial pleading is not removable." § 1446(b). The Fourth Circuit has stated that it "will not require courts to inquire into the subjective knowledge of the defendant," but instead, it will "allow" district courts to "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern* at 162.

In *Kaneshiro v. North American Company for Life and Health Insurance,* 496 F.Supp. 452 (D.Haw.1980), the district court undertook an extensive survey of cases which had examined the issue of how and when a defendant should know that an action is removable. The *Kaneshiro* court stated in pertinent part:

> [T]here appears to be a line of support for placing on the defendant desiring removal the burden of scrutinizing the plaintiff's initial pleading, even if it is indeterminate on its face, and of removing within 30 days, at least unless the initial pleading provides "no clue" that the case is actually removable.

*Id.* at 460.

According to *Spreeman v. HealthSouth Corp.,* No. 95–1366, 1996 WL 129814, at *3 (D.Kan. Feb.27, 1996), "[t]he vast majority of cases that have considered this question since *Kaneshiro* have followed the above standard." (citing *Kuhn v. Brunswick Corp.,* 871 F.Supp. 1444, 1446 (N.D.Ga. 1994)) (holding that defendant could have intelligently ascertained removability from the face of the initial pleading). In *Scott v. S.F. Greiner,* 858 F.Supp. 607, 610 n. 2

(S.D.W.V.1994), the Court noted that if a defendant considers a plaintiff's allegations too vague for purposes of seeking removal, resort should be had to the rule of civil procedure that permits a party to move for a more. definite statement.

As mentioned hereinabove, if the grounds for removal do not appear on the face of the initial pleading, then the thirty day removal period may be triggered upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." § 1446(b). The Fourth Circuit has determined that the " 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.' " *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir.1996) (quoting *Broderick v. Dellasandro*, 859 F.Supp. 176, 178 (E.D.Pa. 1994)). Many types of documents have been deemed "other paper" under § 1446(b). *See, e.g., Lien v. H.E.R.C. Products, Inc.*, 8 F.Supp.2d 531 (E.D.Va. 1998) (settlement offer); *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir.1998); (plaintiff's answers to interrogatories); *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 778–79 (9th Cir.1994) (plaintiff's reply brief); *Pack v. AC and S, Inc.*, 838 F.Supp. 1099 (D.Md.1993) (product identification document).

The Fourth Circuit has emphasized that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "If federal jurisdiction is doubt-ful, a remand is necessary." *Mulcahey* at 151 (citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993)). "Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction." *Marshall v. Manville Sales, Corp.*, 6 F.3d 229, 232 (4th Cir.1993).

Untimely removal constitutes a defect in removal procedure. *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir.1994). A defect in removal procedure renders a case improperly removed. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1076 (10th Cir.1999). If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal. *See, e.g., McHugh v. Physicians Health Plan of Greater St. Louis, Inc., et al.*, 953 F.Supp. 296, 297 (E.D.Mo.1997) ("The Court finds that defendants did not timely remove the plaintiff's class action petition to federal court. Because the case will be remanded to the state court, this Court will not consider the substantive ERISA arguments.")

## III

### Discussion

Applying the principles of these authorities to the facts of record here, this Court concludes that defendants' Notice of Removal was not timely filed in this Court. The case must therefore be remanded to the State Court.

■ Plaintiff's amended complaint was filed in the State Court on January 14, 2000. Defendants' Notice of Removal was filed on July 11, 2000, almost six months later. When the allegations of the amended complaint are objectively considered, this Court is satisfied that the amended complaint does contain a federal claim seeking relief under the federal Copyright Act. Indeed, in their motion to dismiss the original complaint, defendants contended that it was implicit in the allegations that Link's proposal was in a tangible form and

that its claim of alleged conversion was preempted by the federal Copyright Act. Defendants' Notice of Removal was not, as required by § 1446(b), filed in this Court within thirty days after defendants received a copy of the amended complaint setting forth the federal claim for relief.

Even if the Court were to accept defendants' argument that it was unclear from the amended complaint whether or not the claims in the cases arose under the federal Copyright Act, the thirty day requirement of. § 1446(b) has still not been met by defendants because other papers were received by them clearly delineating one of plaintiff's causes of action as a federal claim. Numerous interrogatories were served upon plaintiff Link in October of 1999. Link answered those interrogatories in January, 2000. Its answers provided defendants with more than sufficient information whereby defendants might objectively determine that plaintiff's communications idea was fixed in a tangible medium and was an original work of authorship.[7] Those written responses to discovery constitute "documents exchanged in the case by the parties" which can be considered by this Court "to determine when the defendant had notice of the grounds for removal..." *Lovern*, 121 F.3d at 162.

Even more decisive insofar as the issue of timeliness is concerned was the Memorandum Opinion of May 4, 2000 issued by a judge of the State Court. A copy of that Opinion was received by counsel for defendants. Judge Loney stated in his Opinion that "a factual dispute exists as to whether Plaintiff's 'proposal' was in a tangible medium sufficient to bring it under the jurisdiction of the Federal Copyright Act." In other words, Judge Loney himself read the amended complaint as stating a federal claim under the Copyright Act. Although he did not grant defendants' motion to dismiss on the ground of preemption because he concluded that a factual dispute existed on the issue, Judge Loney did determine that a federal claim had been included in the amended complaint. Judge Loney ruled that the preemption issue could not be conclusively determined by way of defendants' motion to dismiss but that, because the facts were disputed, the issue should be addressed later in the case.[8] Had Judge Loney concluded that no federal claim under the federal Copyright Act had been included in the allegations of the amended complaint, there would have been no reason for him to state that the issue remained open in the case because of the existence of a factual dispute.[9] The Opinion of Judge Loney constitutes under § 1446(b) "other paper" from which it might be ascertained that the case was one which was removable. The Memorandum Opinion of the State Court was filed on May 4, 2000, and defendants' Notice of Removal was filed in this

---

7. Interrogatory No. 5 of defendant Shore Communications asked plaintiff Link to describe in detail its "Communications Idea," including when the Idea was first developed, the persons involved in developing it, and the substantive provisions of the Idea and to identify all documents which evidence or relate to the Idea. Link provided a comprehensive four-page response which specifically referred to its microwave proposal and to certain documents which it then produced. Link also responded to Interrogatory No. 12 by identifying documents relating to its Communications Idea, including a proposal of some 100 pages and Link's loan application.

8. In support of their motion for summary judgment filed in this Court, defendants have relied on various evidentiary materials, including deposition excerpts, exhibits and affidavits. By filing their motion for summary judgment, defendants apparently have accepted Judge Loney's determination that the preemption issue can be decided only after the facts developed by way of discovery have been considered by the Court.

9. Defendants contend that Judge Loney ruled that it was "not clear" from the face of the amended complaint that the "communications idea" at issue was written. Nowhere in his Opinion did Judge Loney state that the allegations in question were not clear. Rather, he stated that a dispute of fact existed as to the allegations in question.

Court more than sixty days later, on July 11, 2000.

Defendants argue that the basis for removal of the case did not become evident to them until June 14, 2000, when the deposition of Link's President, George Chamberlain, was completed. According to defendants, Chamberlain connected the "communications idea" with the written microwave proposal and also testified that the proposal was an original work authored by Link. However, Chamberlain's testimony did little more than reconfirm other information which had already been received by defendants with reference to the nature of plaintiff's proposal. What defendants learned at the deposition did not extend the date for the removal of the case to this Court.

The sequence of events here indicates that defendants have attempted to use the removal process for strategic reasons. Strategic delay of a party in order to determine the state court's receptivity to the party's litigating position should not be allowed. *Lovern*, 121 F.3d at 163. Having failed to convince the state judge that the amended complaint should be dismissed because plaintiff's conversion claim was preempted by the federal Copyright Act, defendants have attempted to remove the case to this Federal Court for an impermissible "second bite at the jurisdictional apple." *Gorman*, 629 F.Supp. at 1199. Since the time for removal required by § 1446(b) had long since passed, defendants continued the deposition of Chamberlain until a date in June, 2000 in an attempt to extend the time within which they were required to remove the case.

It is disingenuous for defendants to argue that removal of this case was timely because it was not clear from either the original or the amended complaint that Link's state law causes of action were removable. In both their motion to dismiss the original complaint and their motion to dismiss the amended complaint, defendants stated:

> [I]mplicit in the allegations of the Complaint is that the "proposal" Link allegedly presented to Sapperstein was in some tangible form, either written or some other media, rather than purely verbal. If so, then Link's cause of action for the alleged "conversion" of its "ideas, property and proposals" are preempted by the Federal Copyright Act.

In *Lovern*, the Fourth Circuit indicated that the Court is not required to inquire into the subjective knowledge of the defendant in determining whether grounds for removal exist. *Lovern*, 121 F.3d at 162. But certainly defendants' state court pleading indicates that they had a "clue" that the action might be removable.[10] As the Court held in *Kaneshiro*, most courts which have considered the question require that a defendant remove the case within thirty days unless the initial pleading truly provides "no clue" that the action may be removable. *Kaneshiro*, 496 F.Supp. at 460.

The "wait and see" approach taken by defendants in this case is exactly the type of improper removal procedure which § 1446(b) was designed to prevent. In *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir.1982), the Court stated:

> The purpose of the 30 day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

---

**10.** Indeed, defendants concede that they "suspected" that this case was within the scope of the federal Copyright Act.

The legal maneuvering here of the defendants is similar to the actions taken by the defendant in *Huntsman v. Whitehorse Technologies, Inc.,* No. 97 C 3842, 1997 WL 548043 (N.D.Ill. Sept.2, 1997). In that case, the Court remanded the action to state court because the defendant possessed the necessary information to remove at the outset of the action, even though plaintiff did not include such information in its complaint. The opinion summarized the situation as follows:

> Having failed at a counterattack utilizing a procedural device available in the state (but not the federal) forum, [defendant] formally asked a question (by way of interrogatory), the answer to which it already knew—what is the amount in controversy? The Plaintiff answered giving [defendant] a number consistent with the pre-filing demand. Having "discovered" this information, [defendant] filed its notice of removal with all deliberate haste. Under these facts, [defendant's] interrogatory was a charade designed to legitimate [defendant's] blatant delay in seeking removal until it first tried to get the case dismissed in state court. Such a sham should not be countenanced even in the name of a bright-line test that would protect defendants confronted with ambiguous information concerning the amount in controversy.

*Hunstman* at *5.

From the record here, it is apparent that defendants knew that this action was removable when they received the amended complaint after plaintiff had answered their interrogatories. But rather than filing a prompt Notice of Removal, they first tried to have the case dismissed by the State Court. When their motion to dismiss was unsuccessful, they then proceeded with discovery and used the information gained by them during a deposition as a ground for extending the time for removing the case. Once the case was in this Federal Court, defendants filed a motion for summary judgment on virtually the same grounds as stated in their motion to dismiss their amended complaint. As the Court stated in *Huntsman,* "such a sham should not be countenanced." *Id.*

Since this Court has concluded that federal jurisdiction does not exist in this case because it has not been timely removed, it will not, as requested by defendants, consider the substantive grounds for preemption addressed in defendants' motion for summary judgment. *See McHugh,* 953 F.Supp. at 297. That motion should be addressed by the Circuit Court for Anne Arundel County. In declining to consider herein the merits of defendants' motion for summary judgment, this Court is not rendering a ruling on the preemption issue raised by defendants. Rather, this Court has merely here decided a procedural issue, namely that defendants did not comply with the requirements of § 1446(b) in removing the case to federal court.

For all the reasons stated, this Court concludes that defendants have not met their burden of promptly choosing their forum and not causing undue delay or duplicative litigation. *Kaneshiro,* 496 F.Supp. at 462. This burden rightly rests on defendants since they are the ones "who seek access to a court of limited jurisdiction." *Id.*

For all these reasons, the amended motion of plaintiff Link to remand this case to the State Court will be granted. Defendants have failed to file their Notice of Removal in a timely manner as required by § 1446(b). An appropriate Order will be entered by the Court.