UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-1762
(CA-95-102-R)

Grover Lee Lovern,

                              Plaintiff - Appellant,

        versus

General Motors Corporation,

                              Defendant - Appellee.

O R D E R

      The Court further amends its opinion filed August 14, 1997, and amended September 11, 1997, as follows:

      On the cover sheet, section 7, line 3 -- attorney Taylor's name is corrected to read: Paul <u>Brian</u> Taylor.

      On the cover sheet, section 7, line 4 -- "Richard Lee Lawrence, RICHARD LEE LAWRENCE & ASSOCIATES, Roanoke, Virginia, for Appellant" is deleted.

                              For the Court - By Direction


                              /s/ Patricia S. Connor
                              _____
                                        Clerk

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 96-1762
(CA-95-102-R)

---

Grover Lee Lovern,

Plaintiff - Appellant,

versus

General Motors Corporation,

Defendant - Appellee.

---

O R D E R

---

The Court amends its opinion filed August 14, 1997, as follows:

On the cover sheet, section 7, line 3 -- the line is corrected to begin "D. Jones, <u>Paul Bradford Taylor</u>, KIRKLAND & ELLIS."

For the Court - By Direction

/s/ Patricia S. Connor

---

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GROVER LEE LOVERN,
Plaintiff-Appellant,

v.                                                          No. 96-1762

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-95-102-R)

Argued: May 7, 1997

Decided: August 14, 1997

Before NIEMEYER and HAMILTON, Circuit Judges, and
LEGG, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Hamilton and Judge Legg joined.

_____

**COUNSEL**

**ARGUED:** Christopher Karl Kowalczuk, RICHARD LEE LAW-
RENCE & ASSOCIATES, Roanoke, Virginia, for Appellant. Michael
D. Jones, Paul Bradford Taylor, KIRKLAND & ELLIS, Washington, D.C., for Appellee.
**ON BRIEF:** Richard Lee Lawrence, RICHARD LEE LAWRENCE
& ASSOCIATES, Roanoke, Virginia, for Appellant. Paul F. Brink-

man, KIRKLAND & ELLIS, Washington, D.C., for
Appellee.

_____

**OPINION**

NIEMEYER, Circuit Judge:

The removal statute, 28 U.S.C. § 1446(b), provides that notice of
removal of a case from state court to federal court shall be filed
within 30 days after receipt of the initial pleading or, in certain cir-
cumstances, within 30 days after receipt of a paper from which "it
may first be ascertained that the case is one which is . . . removable."
In this case we hold that General Motors Corporation timely removed
the case on diversity-jurisdiction grounds when it filed its notice of
removal 28 days after receipt of a police report that first demonstrated
the plaintiff's diverse residency and 8 days after receipt of answers to
interrogatories demonstrating his diverse citizenship, even though the
notice of removal was filed 88 days after service of the complaint
which did not reveal plaintiff's address or citizenship.

I

In 1992, while driving on Interstate Highway 581 in Roanoke, Vir-
ginia, Grover Lee Lovern was involved in an automobile accident.
Arguing that the severity of his injuries was attributable to the defec-
tive design and manufacture of the seat belt in his Pontiac automobile
manufactured by General Motors Corporation, Lovern filed an action
against General Motors in the Circuit Court of the City of Roanoke,
Virginia, seeking $500,000 in damages.

The initial pleading, which was served on General Motors on Octo-
ber 21, 1994, offered no indication of Lovern's citizenship. After
General Motors filed its grounds for defense, it served interrogatories
inquiring specifically into Lovern's citizenship. On January 23, 1995,
Lovern provided his answers, stating that he was a Virginia citizen.
Earlier that month, on January 3, 1995, General Motors also received
a copy of the police report on the accident, which disclosed Lovern's
Virginia residence.

2

Eight days after receipt of the interrogatory answers and 28 days after receipt of the police report, General Motors filed a notice of removal of the case to the United States District Court for the Western District of Virginia, asserting diversity jurisdiction under 28 U.S.C. § 1332. Lovern moved to remand the case to state court on the ground that General Motors' notice of removal was filed untimely, having been filed 88 days after service of complaint on General Motors. The district court denied the motion, finding that General Motors only ascertained that the case was removable upon receipt of the police report and that therefore it had filed its notice within 30 days as prescribed by 28 U.S.C. § 1446. Thereafter, the district court granted General Motors' motion for summary judgment on the merits.

On appeal, Lovern challenges only the district court's jurisdiction, contending that the court erred in finding that the case had been timely removed.

II

The sole question before us -- whether the notice of removal was timely filed -- requires an interpretation of 28 U.S.C. § 1446, establishing the procedure for removal of any case filed in a state court but over which the district courts of the United States would have original jurisdiction. The parties agree that Lovern and General Motors have diverse citizenship, and they do not dispute any other fact relevant to the removal. Thus, our review is confined to a de novo review of the district court's statutory interpretation.

Section 1446 of Title 28, establishing procedures for removal of any case authorized to be removed by 28 U.S.C. § 1441, provides that a defendant desiring to remove a civil case from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds." 28 U.S.C. § 1446(a). The notice must be filed within 30 days after service on the defendant of initial process, or "[i]f the case stated by the initial pleading is not removable," the notice may be filed

> within thirty days after receipt by the defendant, through
> service or otherwise, of a copy of an amended pleading,

3

> motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Finally, the section provides that diversity cases must in any event be removed not more than one year after "commencement of the action." Id.

In this case, Lovern and General Motors were of diverse citizenship from the time the complaint was first filed in state court, but Lovern concedes that nothing on the face of his initial pleading revealed this fact. Nonetheless, he argues that General Motors should not have the advantage of the extended removal time provided by the second sentence of § 1446(b) because, he argues, that extended time applies only if "the case stated by the initial pleading is not removable." In essence, Lovern argues that even when the complaint did not on its face reveal a basis for federal jurisdiction, General Motors was bound by the actual status of the parties' citizenship at the time of service of the complaint and was obliged to remove the case within 30 days after service or lose its opportunity to do so. He argues that the case of the indeterminate complaint should be resolved against the defendant, reserving the extended time for removal for the case in which the parties' citizenship changes and the case becomes removable or to the case in which their citizenship has been misstated.

Having examined the statutory language and policy, we reject Lovern's interpretation. Rather, we conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "stated by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading. Various aspects of the statute lead us to our conclusion.

First, Lovern's interpretation that removability is determined solely by the objective facts underlying the action and not on what the parties pleaded or knew leads to the conclusion that the extended

4

removal period provided by the second sentence of § 1446(b) applies only when some later development, such as the dismissal of a non-diverse party, eliminates the impediment to federal jurisdiction and allows removal. But while the belated <u>creation</u> of a ground for federal jurisdiction is certainly one circumstance in which later removal may be permitted, the statute is not so limited. It declares that "[i]f the case <u>stated</u> by the initial pleading is not removable," a notice of removal may be filed within 30 days after the defendant receives "an amended pleadings, motion, order or other paper <u>from which it may first be ascertained</u> that the case is one which <u>is</u> or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Thus, the statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been <u>manifested</u> only by later papers, revealing the grounds for removal for the first time. It thus appears that the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint.

Given this interpretation, we will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper. This test that we adopt is consistent with that espoused by the Third and Fifth Circuits. <u>See Foster v. Mutual Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48, 53-54 (3d Cir. 1993); <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992).

The interpretation that the grounds for removal must appear on the face of the initial pleading in order for the 30-day clock then to begin to run is also consistent with the statute's incorporation of the standards of Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, a defendant and his attorney who fail to make a reasonable inquiry into the legal and factual basis of an action prior to filing face sanctions. If a defendant were required to file a notice of removal within

5

30 days after the service of the initial pleading, even where that pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanctions for noticing removal without making an adequate inquiry or forgoing removal altogether. The statute did not intend to put a defendant to this choice. Cf. McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir. 1992) (describing the "Hobson's choice" faced by a later served defendant between foregoing removal or joining hurriedly in the petition of an earlier served defendant and facing Rule 11 sanctions).

Of course, the extension of the removal period in the case where the initial pleading does not state the factual or legal bases for removal should not be allowed to cover strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position. But we are confident that allowing the defendant time to make an inquiry into the requisites for diversity jurisdiction which will satisfy his Rule 11 obligations before filing a notice of removal will not undercut the statute's goal of preventing undue delay in removal and the concomitant waste of state judicial resources. In diversity cases, the statute explicitly safeguards against such a strategic delay by erecting an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). This bar creates, we believe, a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount in controversy.

In this case, there is no doubt that the original pleading did not reveal Lovern's citizenship and thus did not reveal grounds for removal. General Motors had its first actual notice of Lovern's residency when it received a copy of the police report on January 3, 1995,* and of his citizenship when it received Lovern's answers to interrogatories on January 23, 1995. Because General Motors' notice of removal was filed within 30 days of both dates, we need not deter-

_____

* General Motors argues that this notice of residency did not provide notice of Lovern's citizenship because it did not eliminate the possibility that Lovern was a student, member of the military, or other person who might reside in one state but maintain citizenship of another.

6

mine whether the police report alone would have triggered the running of the 30-day clock in order to affirm the district court's determination that the notice of removal was timely filed.

AFFIRMED

7