**SHONK LAND COMPANY LLC, a West Virginia limited liability company, Plaintiff,**

v.

**ARK LAND COMPANY, a Delaware corporation, Defendant.**

No. Civ.A. 2:01–0726.

United States District Court, S.D. West Virginia, Charleston Division.

Nov. 8, 2001.

Thomas V. Flaherty, Flaherty, Sensabaugh & Bonasso, Charleston, WV, George G. Guthrie, Allen, Guthrie & McHugh, Charleston, WV, for plaintiff.

James K. Brown, Michael B. Victorson, Amber Hoback, Jackson & Kelly, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the court is the plaintiff's Motion to Remand. Plaintiff Shonk Land Company LLC ("Shonk") originally filed this action in West Virginia state court on June 14, 2001. On August 10, 2001, defendant Ark Land Company ("Ark") removed the action based on diversity of citizenship and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1446(a). Shonk now moves this court for remand pursuant to 28 U.S.C. § 1447(c), arguing that Ark exceeded the 30 day limit for removal. For reasons discussed herein, the motion is **DENIED.**

■ Defendants generally must file for removal within 30 days of receiving the initial pleading. 28 U.S.C. § 1446(a). This 30–day period begins to run only where an initial pleading reveals a ground for removal. *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997). Where such details are obscured, omitted, or misstated, the defendant has 30 days from the revelation of the grounds for removal in an amended pleading, motion, order, or other paper. 28 U.S.C. § 1446(b); *Lovern*, 121 F.3d at 162.

The complaint in this case describes Shonk Land Company as "a limited liability company organized and existing under the laws of the State of West Virginia, having and maintaining its principal office and place of business in Charleston, Kanawha County, West Virginia . . . and is the successor by merger to Shonk Land Company Limited Partnership, a West Virginia limited partnership." Compl. at 2. The complaint identifies two entities as its members: 1) Shonk–Del LLC, "a limited liability company organized and existing under the laws of the State of Delaware"; and 2) Realco Limited Liability Company, "a limited liability company organized and existing under the laws of the State of West Virginia." *Id.* at 3. The complaint did not identify the members of Shonk–Del LLC or Realco Limited Liability Company.

■ The citizenship of the Shonk–Del LLC and Realco Limited Liability Company members determines whether complete diversity exists. *See Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000) (stating that for pur-

poses of diversity jurisdiction, a limited liability company has the citizenship of its membership) (citations omitted). Ark argues that because the complaint did not identify the members, it was unclear whether diversity existed. It therefore filed discovery to determine the citizenship of the Shonk–Del and Realco members. Shonk served its responses on August 8, 2001, and Ark filed for removal on August 10, 2001. Ark argues that its motion was timely because it was filed within 30 days of the receipt of the filing of the paper from which it learned of diversity.

■ Shonk argues that Ark had a duty to scrutinize the complaint, which gave ample indication that there was diversity. In the Fourth Circuit, however, no such affirmative duty exists. *See Lovern*, 121 F.3d at 162. Instead, the test is whether the grounds for removal are "apparent within the four corners of the initial pleading or subsequent paper." *Id.* In examining the timeliness of a motion to remove, the court may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties." *Id.* The complaint fails to name even a single member of either Shonk–Del LLC or Realco Limited Liability Company. It was thus not apparent from the pleadings whether there were grounds for removal, and Ark could not have been on notice that diversity existed, as Shonk argues.

■ Shonk attempts to distinguish *Lovern* by pointing out that there, the court specifically noted that the complaint had offered no indication of Lovern's citizenship. Here, Shonk claims, documents exchanged by the parties before the suit began gave Ark ample notice regarding citizenship of the parties. Documents filed prior to the filing of the complaint are irrelevant because they are not "documents exchanged in the case." *Lovern*, 121 F.3d at 162. The Fourth Circuit ex-

plicitly stated in *Lovern* that "we will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." 121 F.3d at 162. Looking to the content of documents exchanged more than seven months before litigation commenced would result in this type of undesirable inquiry. Shonk also alleges that the complaint indicates citizenship. While the complaint identifies the state of incorporation for both companies, it fails to give any indication of the members' citizenship. Because diversity is not based on state of incorporation, the complaint does not provide Ark with an indication of diversity, and thus *Lovern* is indistinguishable.

Shonk relies heavily on *Kanter & Eisenberg v. Madison Assoc.*, 602 F.Supp. 798 (N.D.Ill.1985). In *Kanter*, the court found that a listing of Kanter's address in the first paragraph of the complaint provided "a clue" to his citizenship and therefore the defendant should have removed within 30 days of receipt of the complaint. *Kanter*, 602 F.Supp. at 801. Here, the instant complaint provides no such clue.

Finally, this court notes that Ark's actions in attempting to discover the citizenship of the members appear to be in good faith. There was no lengthy, strategic delay. On the contrary, Ark filed for removal only a day after it became aware that diversity existed.

The court therefore finds that the initial pleading did not reveal grounds for removal, and the 30–day clock for removal did not begin to run until Ark discovered the citizenship of the Shonk–Del LLC and Realco members on August 9, 2001. Because the defendant moved for removal within 30 days of that date, the court finds that removal was timely and **DENIES** plaintiff's Motion to Remand.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and to publish the same on the court's website at www.wvsd.uscourts.gov.