**Thomas A FOSNOCHT, Jr., Plaintiff**

v.

**Norman DEMKO, et. al., Defendants.**

**Civil Action No. 06–1879.**

United States District Court,
E.D. Pennsylvania.

July 17, 2006.

---

**1.** Doc. # 19.

**2.** Doc. # 21.

Thomas A. Fosnocht, Jr., Phoenixville, PA, Pro se.

## MEMORANDUM OPINION AND ORDER

RUFE, District Judge.

Plaintiff Thomas A. Fosnocht, Jr., Esquire ("Fosnocht") commenced this suit in the Court of Common Pleas of Chester County in January 2005 to recover legal fees from his former clients, Norman and Michele Demko ("Defendants"). On May 3, 2006—more than one year after the commencement of suit—Defendants filed a counterclaim alleging that Fosnocht, as well as new parties Glenn R. Diehl, Esquire ("Diehl") and the Diehl & Fosnocht partnership, used various fraudulent and unfair practices in the collection of their debts in violation of the Fair Debt Collection Practices Act.[1] Simultaneously, Defen-

---

1. 15 U.S.C. §§ 1692 to 1692o (2000).

dants removed the suit to federal court, citing their federal law counterclaim as the basis for this Court's jurisdiction.

Diehl, who was never named a party to this action in state court, moves to intervene and to remand the case to the Court of Common Pleas. Fosnocht also moves to remand, adopting the substance of Diehl's motion. Defendants oppose remand and, perplexingly, Diehl's intervention. For the reasons set forth below, the Court grants Diehl's Motion to Intervene and Remand and Fosnocht's Motion to Remand. The Court further awards Diehl and Fosnocht their just costs and expenses relating to the improper removal.

## I. MOTION TO INTERVENE

 Federal Rule of Civil Procedure 24 permits an applicant to intervene as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[2] Defendants do not dispute Diehl's real and substantial interest in the subject of the litigation—indeed, their counterclaim seeks judgment against him. Nonetheless, they oppose Diehl's motion to intervene, apparently because they believe that Diehl

has already been properly made a party to the action.

Defendants filed their counterclaim against Diehl on May 3, 2006—well past the sixty-day deadline imposed by Pennsylvania Rule of Civil Procedure 2253(a) for joining a party by complaint. While an untimely joinder may be overcome by written consent of the parties or court order,[3] Defendants asserted a counterclaim and filed their notice of removal before pursuing either course of action. Therefore, Diehl was not properly joined prior to the suit's removal to this Court. Because Diehl's interest in the action is undeniably significant, and because he seeks to intervene solely for the purpose of seeking remand, it is appropriate for the Court to grant Diehl's motion to intervene.[4]

## II. MOTION TO REMAND

 As the Third Circuit has noted, "[i]t is well settled that '[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.'"[5] When it appears that a removed case falls outside a federal court's jurisdiction, the court is obligated to remand it.[6]

 Here, Defendants invoke federal question jurisdiction arising from their counterclaim as the sole basis for removal.[7] Removal based on federal question jurisdiction is governed by the "well-pleaded

---

2. Fed.R.Civ.P. 24(a)(2).

3. *See* Pa. R. Civ. P. 2253(a).

4. Moreover, Diehl's interest in defending the counterclaim against him personally is not adequately represented by any of the parties currently involved in this matter.

5. *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.,* 418 F.3d 277, 293 (3d Cir.2005) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

6. 28 U.S.C. § 1447(c) (2000) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Warren G. Kleban Eng'g Corp. v. Caldwell,* 490 F.2d 800, 802 n. 1 (5th Cir.1974) (noting that 1447(c) imposes a duty on district courts to inquire, on their own initiative, whether they have jurisdiction over a removed suit).

7. Defs.' Notice of Removal at 4.

complaint" rule, whereby jurisdiction exists only "where an issue of federal law appears on the face of the complaint."[8] Accordingly, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."[9] "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[10] Therefore, Defendants' removal based on their counterclaim was improper.[11]

■ Despite the well-settled law governing this issue, Defendants argue that the Pennsylvania Rules of Civil Procedure mandate the joinder of Diehl as a plaintiff, and, further, that such mandatory joinder transforms the claims into a new independent action eligible for removal. They contend that "[t]he mandatory joinder of Glenn Diehl and Diehl & Fosnocht acted as the institution of a new action, containing the federal issues, as of the date it was filed."[12] In support of this unusual proposition, Defendants cite Pennsylvania Rule of Civil Procedure 2231(c), which instructs that "[t]he trial of an action in which parties have joined or have been joined under Rules 2228 and 2229 shall be conducted as if independent actions between such parties had been consolidated for trial."[13]

Defendants do not point to, and the Court's research has not revealed, any authority that supports the proposition that Rule 2231(c) applies outside the context of trial, as its plain language indicates. More fundamentally, no authority supports the assertion that an action consolidated under Rule 2231(c) is distinct from its composite elements, and, therefore, exempt from the Court's ordinary procedural requirements. It is inconceivable that, as a consequence of Pennsylvania's rules or any other rules for compulsory joinder, a counterclaim could ever be evaluated as a complaint for the purposes of establishing federal question jurisdiction, as this clearly would be contrary to the well-pleaded complaint rule adopted by the federal courts.

Finding removal defective on jurisdictional grounds, the Court grants the motions to remand filed by Diehl and Fosnocht. Consequently, the Court need not address Diehl and Fosnocht's assertion that the removal notice was untimely.[14]

8. *DiFelice v. Aetna U.S. Healthcare,* 346 F.3d 442, 445–46 (3d Cir.2003); *see also Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 390, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

9. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002); *Lancaster County Office of Aging v. Schoener,* No. 02–7428, 2003 WL 21282198, at *3 (E.D.Pa. Jan. 8, 2003).

10. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

11. *See id.; Michael F. Ronca & Sons, Inc. v. Monarch Water Sys., Inc.,* No. 90–5029, 1990 WL 140154, at *2 (E.D.Pa. Sept. 24, 1990)

(explaining that the "great weight of authority" prohibits removal based on a counterclaim); *accord HRP Corp. v. Miller,* No. 92–0993, 1992 WL 220698, at *2 n. 3 (W.D.Pa. Sept. 4, 1992). ("Removability, however, cannot be created by defendant pleading a counterclaim presenting a federal question.").

12. Defs.' Memo. of Law in Opp'n to Pl. Diehl's Mot. to Intervene & Mot. to Remand at ¶ 9.

13. Pa. R. Civ. P. 2231(c).

14. This inquiry would be unproductive, in any event, because timeliness is determined by reference to the date when grounds for removal first appeared, and no such grounds ever existed in this case. *See Lovern v. Gen. Motors Corp.,* 121 F.3d 160, 162 (4th Cir. 1997).

## III. JUST COSTS AND ACTUAL EXPENSES

▮▮▮ Diehl and Fosnocht also seek attorneys fees and costs from Defendants incidental to remand. The federal remand statute, 28 U.S.C. § 1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While remand entitles the moving parties to fees, the decision to award fees is left to the Court's discretion.[15] The Third Circuit has approved the exercise of this discretion to award fees where the substantive basis for the removal petition was frivolous or insubstantial, or where the removing party acted in bad faith, though these factors are not essential.[16]

Diehl and Fosnocht assert that "Defendants' removal of this case to Federal Court is patently unsupportable by any arguments based on the content of the pleadings in state court."[17] The Court agrees. Even a cursory examination of the rules governing removal and federal question jurisdiction would have revealed that the instant suit does not qualify for either. Diehl and Fosnocht also argue that removal amounted to a bad-faith effort to delay state court proceedings scheduled to occur within days of the notice of removal's filing, and an attempt to force Diehl and Fosnocht to incur additional, unnecessary expenses. The Court need not find that Defendants acted dilatorily or in bad faith to award just costs and fees on remand.[18] Nonetheless, the Court is well aware of Defendants' pattern of delay, culminating in their untimely Response to Diehl's Motion to Intervene and Remand. In light of all of these concerns, an award of fees and costs is appropriate.

## IV. SANCTIONS

▮▮▮ Because it was not made separately from the instant motions, Diehl and Fosnocht's discussion of sanctions cannot be construed as a proper motion for sanctions under Federal Rule of Civil Procedure 11.[19] Nonetheless, Rule 11 permits the Court, on its own initiative, to impose sanctions against a party or their counsel for acting with an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," as well as for presenting unwarranted or frivolous legal arguments.[20] While the decision to impose sanctions is discretionary, the Court is obligated to consider equitable factors when determining what sanction, if any, is appropriate.[21] The motions and responses before the Court do not paint a clear picture of the allegedly sanctionable conduct, and are insufficient to allow it to make an appropriately informed decision. However, sanctions will not be foreclosed at this juncture; Diehl

15. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir.1996).

16. *Id.*

17. Diehl's Mot. to Intervene & Remand at 15.

18. *Mints*, 99 F.3d at 1260–61.

19. *See* Fed.R.Civ.P. 11(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct [alleged to constitute a violation].").

20. *Id.*

21. *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir.1988). These considerations, with respect to both the propriety and extent of a sanction, include: the ability of counsel or the party to pay; punishments already visited upon counsel or the party; counsel's or the party's reputation; the degree of frivolousness; the opposing party's need for compensation; the reasonable cost of opposing the frivolous activity; and the degree to which the sanction will discourage non-frivolous litigation or creative legal arguments. *Id.* at 195 n. 6.

and Fosnocht are therefore permitted the opportunity to pursue a motion for sanctions if they so choose.

## V. CONCLUSION

For the foregoing reasons, the Court grants both Diehl's Motion to Intervene and Remand and Fosnocht's Motion to Remand, and accordingly remands the case to the Court of Common Pleas of Chester County. The Court also awards Diehl and Fosnocht just fees and actual costs incurred as a result of the improper removal. Finally, the Court grants Diehl and Fosnocht leave to file additional motions for sanctions, and retains jurisdiction over this matter to entertain any such motions.

An appropriate Order is attached.

### *ORDER*

**AND NOW**, this 17th day of July 2006, upon consideration of Glenn R. Diehl's Motion to Intervene and Remand [Doc. # 2], along with Plaintiff Thomas A. Fosnocht, Jr.'s Motion to Remand [Doc. # 3], Defendants' Responses thereto [Docs. # 4 and # 5], and Glenn R. Diehl's Reply [Doc. # 8], and for the reasons set forth in the attached Memorandum Opinion, the Court hereby **ORDERS** the following:

1. Glenn R. Diehl's Motion to Intervene and Remand and Thomas A. Fosnocht, Jr.'s Motion to Remand are **GRANTED;**

2. Pursuant to 28 U.S.C. § 1447(c), Defendants Norman and Michele Demko shall pay all costs and expenses incurred by Plaintiff Thomas A. Fosnocht and Intervenor Glenn R. Diehl as a result of the removal. Fosnocht and Diehl shall submit, within fourteen (14) days of the date of this Order, an accounting of their costs and expenses relating to removal so that the Court may consider the appropriate amount of the award to assess against Defendants. If Defendants wish to oppose the accounting, they must submit their opposition within seven (7) days of being served with the accounting;

3. Fosnocht and Diehl are **GRANTED** leave to file a motion for sanctions within fourteen (14) days of the date of this Order;

4. This matter is **REMANDED** to the Court of Common Pleas for Chester County;

5. The Clerk of Court is **DIRECTED** to mark this matter **CLOSED.** The Court shall retain jurisdiction to entertain the accounting of costs and expenses referenced in paragraph two and any motion for sanctions referenced in paragraph three.

It is so **ORDERED.**