**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1343**

_____

ROBIN J. YORK, Administratix of the Estate of Adam R. York,

                    Plaintiff – Appellant,

          v.

PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,

                    Defendant – Appellee,

          and

JOSHUA MILLER; JOHN J. MILLER; MYRA MILLER; PAUL HOWARD,
JR.,

                    Defendants.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   Joseph R. Goodwin,
District Judge. (2:12-cv-006582)

_____

Submitted:  October 15, 2014        Decided:  November 12, 2014

_____

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Graham Bordas, III, Michelle Lee Marinacci, BORDAS &
BORDAS, PLLC, Wheeling, West Virginia; C. Benjamin Salango,
PRESTON & SALANGO, Charleston, West Virginia, for Appellant.
Michael H. Carpenter, Katheryn M. Lloyd, CARPENTER LIPPS &
LELAND LLP, Columbus, Ohio; Catherine M. Stetson, Sean Marotta,

HOGAN LOVELLS US LLP, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin York (York), as administrator of the estate of her son, Adam York (Adam), appeals orders of the district court denying York's motion to remand this action to state court, and granting defendant Property & Casualty Insurance Company of Hartford's (Hartford) motions for relief from default judgment under Fed. R. Civ. P. 60(b) and for summary judgment. York's suit alleged that Hartford violated a provision of the West Virginia Unfair Trade Practices Act (WVUTPA), W. Va. Code § 33-11-4(9), and engaged in common law bad-faith claim handling, in the manner in which it investigated, litigated, and eventually settled a claim York asserted under her policy against Hartford. The district court held that (1) Hartford's removal was timely; (2) Hartford was entitled to relief from judgment because its default was the result of excusable neglect and it possessed a meritorious defense; (3) Kentucky law, rather than West Virginia law, governed the dispute; and (4) under Kentucky law, York's action was untenable. We affirm the judgment of the district court.

I.

Adam York died in a single-vehicle automobile accident on October 13, 2011, in Mingo County, West Virginia. Adam was a passenger in the vehicle driven by Joshua Miller.

Like his parents, Adam was a Kentucky resident. Adam was insured through his parents' policy with Hartford,[1] which featured a $100,000 underinsured/uninsured motorist (UIM) benefit. Soon after the accident, York, through West Virginia counsel, notified Hartford of the accident and of York's suit for damages against Miller and his insurer in West Virginia state court. Hartford assigned the claim to an adjuster located at one of its offices in Indiana.

In January 2012, York informed Hartford that Miller's insurer had offered to settle her claim for its policy limits, in exchange for a waiver of Hartford's subrogation rights. After two months in which York and Hartford each apparently waited for the other to act, York amended her complaint and added a UIM claim against Hartford, seeking the $100,000 policy limit. Although York properly served Hartford, the complaint was misfiled due to an internal clerical error, and Hartford failed to answer.

York moved for default. At the same time, Hartford's adjuster continued to converse with York's counsel in regard to York's claim against Miller. During these conversations, York's

---

[1] Hartford is an Indiana corporation, whose principal place of business is in Connecticut.

counsel never mentioned Hartford's failure to answer or York's pending motion for default.

On June 11, 2012, Hartford offered to settle York's claim for the $100,000 policy limit, but received no response. The next day, York's counsel appeared in state court, default was entered against Hartford, and a hearing on damages was set for the next month.

In late July, York served Hartford with a packet of materials, including notice of a hearing to approve the settlement between York and Miller, a verified petition to approve the settlement, a notice of a hearing on "a writ of inquiry in accordance with W. Va. R. Civ. P. 55(b)(2)," and one certificate of service. The latter notice of hearing was intended to apprise Hartford both of the fact that default had been entered against it, and of the upcoming hearing for default judgment. But other than Hartford's name, which was on the caption of each page, and the cross-reference to "W. Va. R. Civ. P. 55(b)(2)," which establishes the procedure by which judgment by default may be entered, there was nothing to indicate the upcoming hearing pertained to a default judgment against Hartford. Although in receipt of York's packet, Hartford's adjuster failed to recognize the significance of the notice of hearing, and Hartford failed to appear.

On August 6, the state court entered default judgment against Hartford for over $4 million, for wrongful death damages less the $100,000 paid by Miller's insurer. The court then dismissed the Millers as parties and granted York permission to amend its complaint to file additional claims against Hartford.

On September 24, 2012, Hartford received York's amended complaint, which sought damages for extra-contractual, common law bad-faith claim handling, and statutory unfair trade practices claims. On October 12, Hartford removed the case on the basis of diversity jurisdiction.

In federal Court, York moved to remand, alleging that Hartford's removal was untimely, and Hartford moved to vacate the state court's default judgment. In a memorandum opinion addressing both motions, the court denied York's motion to remand and granted Hartford's motion to vacate. The court first explained that Hartford's removal was timely, as it occurred within thirty days of the date Hartford first received notice that the case was removable -- namely, when Hartford received York's amended complaint. The court then held that relief from the state court's judgment was proper because Hartford's default was the product of excusable neglect (the clerical error in misfiling) and Hartford had a meritorious defense to the underlying claim (that the damages exceeded the amount demanded in the complaint).

6

York then amended her complaint a second time, re-asserting the UIM claim. Shortly thereafter, however, York and Hartford settled this claim for the $100,000 policy limit.

After discovery, Hartford moved for summary judgment on York's remaining claims. In a memorandum opinion addressing the motion, the court held that under either the lex loci delicti choice of law test or the Second Restatement's "Most Significant Relationship" test, Kentucky law applied. The court then noted that Kentucky law imposes a particularly high evidentiary threshold for common law bad-faith claims against insurers, and granted summary judgment to Hartford because York had failed to make the requisite showing. York now appeals.

II.

The standard of review on a motion to remand is de novo. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc). The burden of establishing jurisdiction rests with the party seeking removal, and removal jurisdiction is strictly construed; thus, "if federal jurisdiction is doubtful, a remand to state court is necessary." Id. at 816 (internal alterations omitted).

A notice of removal must be filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

7

from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012). This thirty-day clock does not begin to run until "receipt by the defendant" of some indicia of removability. See Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) ("[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days.").

In this case, Hartford did not receive a "motion, order or other paper" from which it could have "ascertained" that the case was removable until September 24, when it received York's amended complaint.

York contends that the state court's oral dismissal of the Millers was sufficient to constitute notice. Cf. Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (noting that 1446(b)'s "'motion, order or other paper' requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner" (internal quotation omitted)). But Hartford was not present at that hearing and therefore could not have received such notice, as is required to start the clock under § 1446(b). We thus conclude that the district court properly denied York's motion to remand.

III.

We review for abuse of discretion an order vacating a default judgment under Fed. R. Civ. P. 60(b). MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008). Rule 60(b) is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Accordingly, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Id.

To obtain relief from a default judgment under Rule 60(b), Hartford must demonstrate that (1) it defaulted for a reason valid under Rule 60(b)(1)-(5), (2) it timely moved to set aside the judgment, (3) relief will not result in unfair prejudice to York, and (4) it has a meritorious defense to the underlying action. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811-12 (4th Cir. 1988) (per curiam).

We have reviewed the record and conclude that the district court did not abuse its discretion in granting Hartford relief from the state court judgment. Hartford timely filed for relief, York suffered no unfair prejudice, the default was the product of an excusable clerical error, and Hartford has a meritorious defense -- namely, that the state court's judgment

9

was greater than the amount York demanded in her complaint and thus, in violation of W. Va. R. Civ. P. 54(c). We thus conclude the district court properly granted Hartford's motion to vacate the state court judgment.

IV.

We review the district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). A moving party is entitled to summary judgment if the evidence shows no genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

Where federal jurisdiction depends on diversity of citizenship, as it does here, "the applicable law must be determined by the choice of law rules of the forum state." Brendle v. General Tire & Rubber Co., 408 F.2d 116, 116 (4th Cir. 1969) (citing Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487 (1941)). Thus, West Virginia's choice of law rules apply here.

York's claims sound in tort. See Noland v. Virginia Ins. Reciprocal, 686 S.E.2d 23, 33-34 (W. Va. 2009) (holding that both statutory claims for unfair insurance settlement practices and common law claims for bad faith claims handling are torts). Therein, "West Virginia traditionally applies the lex loci delicti approach . . . but has in certain circumstances shown a willingness to apply the Restatement approach to resolve particularly thorny conflicts problems." Kenney v. Indep. Order of Foresters, 744 F.3d 901, 907 (4th Cir. 2014) (internal quotation marks omitted). We "need not determine which approach West Virginia courts would apply here," id. at 907-08, because, having reviewed the relevant authority, we agree with the district court's conclusion that Kentucky law applies under either approach.

Because Kentucky law applies, York has no cause of action under the WVUTPA, and the district court properly granted summary judgment to Hartford on that claim. For York's remaining common law bad-faith claim, Kentucky law requires York

11

to prove that Hartford (1) is "obligated to pay the claim under the terms of the policy"; (2) lacked "a reasonable basis in law or fact for denying the claim"; and (3) "either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993) (citation omitted). Altogether, York must show that Hartford's conduct was "outrageous, because of an evil motive or reckless indifference to his rights. . . . [M]ere delay in payment does not amount to outrageous conduct absent some affirmative act of harassment or deception." Motorists Mut. Ins. Co. v. Glass, 996 S.W.2d 437, 452 (Ky. 1997).

We have reviewed the record and conclude that York has not shown the requisite bad faith. The district court therefore properly granted Hartford's motion for summary judgment.

V.

For the foregoing reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

12