**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-2049**

---

RONALD F. HURLEY; BONNIE HURLEY, and Ronald P. Hurley, As Husband and Wife,

        Plaintiffs – Appellants,

      v.

CBS CORPORATION, f/k/a Westinghouse; GENERAL ELECTRIC COMPANY; MCIC, f/k/a McCormick Asbestos Co.; PARAMOUNT PACKING & RUBBER CO.; PHELPS PACKING & RUBBER CO.; WALLACE & GALE ASBESTOS SETTLEMENT TRUST, Successor to the Wallace & Gale Company; S. B. DECKING, INC.,

        Defendants – Appellees,

      and

ALLTITE GASKETS; ANCHOR PACKING COMPANY; A.W. CHESTERTON COMPANY; BAYER CROPSCIENCE, INC., Individually and as Successor In Interest to Benjamin Foster Co., Amchem Products, Inc. H.B. Fuller Co., Aventis CropScience USA, Inc. Rhone-Poulenc AG Company, Inc. Rhone-Poulenc Inc. and Rhodia, Inc.; BONDEX INTERNATIONAL, INC.; CERTAINTEED CORPORATION, Individually and as Successor to Bestwall Gypsum Co.; CONWED CORPORATION; COOPER INDUSTRIES, INC., Individually and as Successors in Interest to Crouse Hinds Co.; CROKER & STALLINGS, INC.; DELAVAL, INC.; DURABLA MANUFACTURING COMPANY; E.L. STEBBING & COMPANY, INC.; FLINTKOTE COMPANY; FOSTER WHEELER CORPORATION; FOSTER WHEELER ENERGY CORPORATION; GEORGIA PACIFIC, INC.; GREENE TWEED & COMPANY, Individually and as Successor in Interest to Palmetto, Inc.; HAMPSHIRE INDUSTRIES, INCORPORATED, f/k/a John H. Hampshire Co.; H.B. FULLER COMPANY, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster; HONEYWELL INTERNATIONAL, INC., f/k/a Allied Signal, Inc., Successor in Interest to the Bendix Corporation; HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER, Individually and as Successor to in Interest to Champion International Corporation and U.S.

Plywood Corp.; J.E. STEIGERWALD COMPANY, INC.; JOHN CRANE-HOUDAILLE, INC., f/k/a Crane Packing Company; KAISER GYPSUM COMPANY, INC.; LOFTON CORPORATION, As Successor-in-Interest to Wayne Manufacturing Corporation and Hopeman Manufacturing Corporation; MELRATH GASKET, INC.; METROPOLITAN LIFE INSURANCE CO.; ON MARINE SERVICES COMPANY, formerly Oglebay Norton Company; PFIZER CORPORATION; RPM, INCORPORATED, Individually as Successor In Interest to and/or alter ego of The Reardon Company and Bondex International; SELBY, BATTERSBY & COMPANY, a/k/a Quaker Chemical Corporation; SQUARE D COMPANY; UNIROYAL, INCORPORATED; UNION CARBIDE CORPORATION; UNIVERSAL REFRACTORIES COMPANY; WARREN PUMPS, INC.; WAYNE MANUFACTURING CORPORATION; WORTHINGTON PUMP, INC., f/k/a Dresser Pump Division; THE GOODYEAR TIRE & RUBBER CO.; ALFA LAVAL, INC.; FOSECO, INC.; OWENS-ILLINOIS GLASS COMPANY, f/k/a Owens-Illinois, Incorporated,

    Defendants,

  and

CROWN CORK & SEAL USA, INC.,

    Third Party Defendant.

      ——————————

      **No. 14-2271**

      ——————————

KEVIN HARPER, Kevin Harper Personal Representative of the Estate of Claude Alvin Harper, Deceased and Surviving Son of Claude Alvin Harper, Deceased; CAROL JOHNSON HARPER, Use Plaintiff and Surviving Widow of Claude Alvin Harper, Deceased; ALEX HARPER, Surviving Son of Claude Alvin Harper, Deceased; NICOLE COLEMAN, Use Plaintiff and Surviving Daughter of Claude Alvin Harper, Deceased,

    Plaintiffs – Appellants,

  and

CLAUDE A. HARPER,

    Plaintiff,

v.

CBS CORPORATION, f/k/a Westinghouse; FOSTER WHEELER CORPORATION; GENERAL ELECTRIC COMPANY; MCIC, f/k/a McCormick Asbestos Co.; PARAMOUNT PACKING & RUBBER CO.; PHELPS PACKING & RUBBER CO.; WALLACE & GALE ASBESTOS SETTLEMENT TRUST; SB DECKING, INC.; FOSTER WHEELER ENERGY CORPORATION,

Defendants – Appellees,
and

ALLTITE GASKETS; ANCHOR PACKING COMPANY; A.W. CHESTERTON COMPANY; BONDEX INTERNATIONAL, INC.; CERTAINTEED CORPORATION, Individually and as Successor to Bestwall Gypsum Co; CONWED CORPORATION; COOPER INDUSTRIES, INC., Individually and as Successors in Interest to Crouse Hinds Co.; CROKER & STALLINGS, INC.; DELAVAL, INC.; DURABLA MANUFACTURING COMPANY; E.L. STEBBING & COMPANY, INCORPORATED; FLINTKOTE COMPANY; THE GOODYEAR TIRE & RUBBER CO.; GREEN, TWEED & CO., Individually and as Successor in Interest to Palmetto, Inc.; HAMPSHIRE INDUSTRIES, INCORPORATED, f/k/a John H. Hampshire Co.; H.B. FULLER COMPANY, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster; HONEYWELL INTERNATIONAL, INCORPORATED, f/k/a Allied Signal, Inc., Successor in Interest to the Bendix Corporation; HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER COMPANY, INCORPORATED, Individually and as Successor to in Interest to Champion International Corporation and U.S. Plywood Corp.; J.E. STEIGERWALD COMPANY, INC.; JOHN CRANE-HOUDAILLE, INCORPORATED, f/k/a Crane Packing Company; KAISER GYPSUM COMPANY, INCORPORATED; LOFTON CORPORATION, As Successor-in-Interest to Wayne Manufacturing Corporation and Hopeman Manufacturing Corporation; MELRATH GASKET, INCORPORATED; METROPOLITAN LIFE INSURANCE COMPANY; ON MARINE SERVICES, f/k/a Oglebay Norton Company; PFIZER CORPORATION; RPM, INCORPORATED, Individually and as Successor in Interest to and/or alter ego of The Reardon Company and Bondex International; SELBY, BATTERSBY & COMPANY, a/k/a Quaker Chemical Corporation; SQUARE D COMPANY; UNIROYAL, INCORPORATED; UNION CARBIDE CORPORATION; UNIVERSAL REFRACTORIES COMPANY; WARREN PUMPS, INCORPORATED; WAYNE MANUFACTURING CORPORATION; WORTHINGTON PUMP INC., f/k/a Dresser Pump Division; ALFA LAVAL, INCORPORATED; FOSECO, INC.; REUBEN ERNEST LAWSON, JR.; GEORGIA PACIFIC, INC.; BAYER CROPSCIENCE, INCORPORATED, Individually and as

3

Successor In Interest to Benjamin Foster Co., Amchem Products, Inc., H.B. Fuller Co., Aventis CropScience USA, Inc., Rhone-Poulenc AG Company, Inc., Rhone-Poulenc, Inc. and Rhodia, Inc.; OWENS-ILLINOIS GLASS COMPANY, f/k/a Owens-Illinois, Incorporated,

Defendants.

———————————

Appeals from the United States District Court for the District of Maryland, at Baltimore. Timothy J. Sullivan, Magistrate Judge; George L. Russell, III, District Judge. (1:12-cv-00460-GLR; 1:12-cv-00462-GLR)

———————————

Submitted: February 29, 2016                    Decided: May 6, 2016

———————————

Before KING, SHEDD, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John Amato, IV, GOODMAN, MEAGHER & ENOCH, Baltimore, Maryland; Harry Goldman, Jr., Robert G. Skeen, SKEEN GOLDMAN LLP, Baltimore, Maryland, for Appellants. Mitchell Y. Mirviss, Theodore F. Roberts, Scott M. Richmond, VENABLE LLP, Towson, Maryland; Donald S. Meringer, David J. Quigg, MERINGER, ZOIS & QUIGG, LLC, Baltimore, Maryland; Louis E. Grenzer, Jr., BODIE, DOLINA, HOBBS, FRIDDELL, GRENZER, P.C., Towson, Maryland; Geoffrey S. Gavett, Laura D. Abenes, GAVATT, DATT & BARISH, P.C., Rockville, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Ronald F. Hurley, Bonnie Hurley, and the estate of Claude A. Harper, along with his surviving widow and three children, (collectively, "Appellants"), appeal the district court's grant of summary judgment for defendants CBS Corporation, General Electric Corporation ("GE"), MCIC, Paramount Packing & Rubber Co., Phelps Packing & Rubber Co., Wallace & Gale Asbestos Settlement Trust ("WGAST"), SB Decking Inc., and Foster-Wheeler Energy Corporation (collectively, "Appellees"). Appellants also appeal from the denial of their motions to remand the case to Maryland state court and for partial summary judgment against WGAST. Finding no reversible error, we affirm.

Appellants filed these wrongful death suits in Maryland state court, alleging that they suffered injuries caused in part by Ronald Hurley's and Claude Harper's exposure to asbestos-containing products sold or installed by Appellees (as well as by other entities not part of this appeal). GE ultimately removed the cases to federal court under federal-officer jurisdiction. The district court denied Appellants' motions to remand and motions for partial summary judgment against WGAST, and granted summary judgment for Appellees.

Appellants first claim that the district court should have granted their motions to remand because the court lacked

5

federal-officer jurisdiction. We review de novo the denial of a motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc). The burden of establishing jurisdiction rests with the party seeking removal, and removal jurisdiction is strictly construed: "[I]f federal jurisdiction is doubtful, a remand to state court is necessary." Id. at 816 (internal brackets and quotation marks omitted).

Under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1) (2012), suits against federal officers may be removed if they are "for or relating to any act under color of such office." Wood v. Crane Co., 764 F.3d 316, 318-19 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1426 (2015). Specifically, section 1442(a)(1) permits a federal officer to remove adverse suits in which the officer "can allege a 'colorable' defense to that action 'arising out of [his] duty to enforce federal law.'" Jamison v. Wiley, 14 F.3d 222, 238 (4th Cir. 1994) (quoting Mesa v. California, 489 U.S. 121, 133 (1988)).

Thus, to obtain removal under § 1442(a)(1) one must (1) be a federal officer "or any person acting under that officer," § 1442(a)(1); (2) "raise a colorable federal defense"; and (3) "show a nexus, a causal connection between the charged conduct and asserted official authority." Jefferson Cty. v. Acker, 527 U.S. 423, 431 (1999) (internal quotation marks omitted).

6

After reviewing the record, we conclude that GE satisfied all three requirements for federal-officer removal. GE is a "person acting under" a federal officer because it was acting under a valid government contract at all times relevant to the litigation. See Ruppel v. CBS Corp., 701 F.3d 1176, 1181 (7th Cir. 2012) (holding corporate defendant assisting federal government in building warships was "person acting under" federal officer). GE raised a colorable federal defense to Appellants' claims, namely, that GE was protected as a government contractor. Id. at 1185. Finally, GE established a causal connection between the charged conduct and its asserted official authority—Appellants charge GE with negligence and failure to warn related to GE's production and installation of turbines and generators, done pursuant to contracts with the Navy. We thus conclude that the district court properly exercised jurisdiction over these cases.

The Hurleys also protest that the district court should have remanded their case to state court for a different reason: GE's notice of removal was untimely. A notice of removal must be filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012). Thus, until the defendant receives

some indicia of removability, the 30-day clock does not begin to run. Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).

Our review of the record reflects that GE timely filed its notice of removal, within 30 days of receiving the Hurleys' answers to interrogatories, which first indicated the case's removability under federal-officer jurisdiction. The complaint's reference to unattached deposition testimony in a different case could not serve as an indicia of removability as we have defined it. See id. at 162-63 (holding that this court need only look to four corners of complaint to assess indicia of removability). We therefore affirm the district court's order denying Appellants' motions to remand.

Appellants next challenge the district court's grant of summary judgment. We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party. Butler v. Drive Auto. Indus. Of Am., Inc., 793 F.3d 404, 407 (4th Cir. 2015). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or

8

the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

In challenging the district court's summary judgment orders, Appellants first claim that the court applied the incorrect standard to determine whether, under Maryland law, Appellants' injuries were proximately caused by Appellees' asbestos-containing products.

Because "a federal court's role under § 1442 is similar to that of a federal court sitting in diversity," Kolibash v. Comm. On Legal Ethics of W. Va. Bar, 872 F.2d 571, 576 (4th Cir. 1989), the law of Maryland, the forum state, governs this dispute. Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th Cir. 2013). Over twenty years ago, the Maryland Court of Appeals adopted the so-called "frequency, regularity, and proximity" test as "the governing standard for liability in an asbestos case." Dixon v. Ford Motor Co., 70 A.3d 328, 335-36 (Md. 2013); see Eagle-Picher Indus., Inc. v. Balbos, 604 A.2d 445, 460 (Md. 1992) (citing Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986)). Since then, the Maryland Court of Appeals has repeatedly reaffirmed the applicability of this test to asbestos exposure cases governed by Maryland law. See Dixon, 70 A.3d at 336 (citing Scapa v. Saville, 16 A.3d 159, 163 (Md. 2011)).

9

The district court properly applied the "frequency, regularity, and proximity" test to determine whether Appellants had shown they were exposed to Appellees' asbestos-containing products in a manner sufficient to create an issue of material fact. Appellants' argument that the test is inapplicable in cases of direct—rather than circumstantial—evidence has been rejected by the Maryland Court of Appeals. Georgia-Pacific Corp. v. Pransky, 800 A.2d 722, 725 (Md. 2002) (clarifying that the relevant distinction is "not between direct and circumstantial evidence, . . . but between those who actually handled the product, and those who did not but were in the immediate vicinity," and observing no "legitimate basis for not applying the Balbos[*] standards in any bystander situation").

Appellants next contend that even under the "frequency, regularity, and proximity" test, they alleged sufficient exposure to Appellees' asbestos-containing products to survive summary judgment. As already noted, the "frequency, regularity, and proximity" test provides the standard for determining whether a defendant's negligent conduct is a proximate cause of the plaintiff's injury. Dixon, 70 A.3d at 335. Our review of the record convinces us that Appellants did not make a

---

[*] Eagle-Picher Indus., Inc. v. Balbos, 604 A.2d 445 (Md. 1992).

10

sufficient showing of exposure to survive summary judgment.  <u>See</u> <u>Reiter v. Pneumo Abex, LLC</u>, 8 A.3d 725, 728 (Md. 2011).

Appellants next complain that summary judgment was granted without allowing them a hearing, a decision that we review for abuse of discretion.  <u>Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc.</u>, 973 F.2d 349, 352 (4th Cir. 1992).  There is no requirement that a ruling on summary judgment be preceded by a hearing.  <u>Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.</u>, 33 F.3d 390, 396 (4th Cir. 1994).  Moreover, Rule 105.6 of the United States District Court for the District of Maryland specifically provides:  "Unless otherwise ordered by the Court . . . , all motions shall be decided on the memoranda without a hearing."  D. Md. R. 105.6.  We perceive no abuse of discretion in the district court's decision to grant Appellees' motions for summary judgment without a hearing.

In their final claim, Appellants assert that the district court erred in denying their motions for partial summary judgment against WGAST.  More specifically, Appellants sought to preclude WGAST from litigating the issue of exposure in light of the terms of its trust settlement agreement.  Having examined the terms of the agreement, however, we discern no error in the district court's decision to deny Appellants' motions for partial summary judgment.

11

Accordingly, we affirm the district court's orders denying Appellants' motions to remand and for partial summary judgment, and granting Appellees' motions for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED