**Gene A. HONEYCUTT, Plaintiff,**

v.

**DILLARD'S INC., Defendant.**

No. Civ.A. 97–2558–KHV.

United States District Court,
D. Kansas.

Dec. 15, 1997.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Plaintiff's Motion For Remand* (Doc. # 5) filed December 4, 1997. For the following reasons, the Court finds that plaintiff's motion should be overruled.

Plaintiff filed this tort action on September 5, 1997, in the District Court of Wyandotte County, Kansas. On September 11, 1997, she personally served defendant's registered agent in Kansas. Plaintiff's complaint alleged $3,000 in present medical expenses and prayed for judgment in an amount in excess of $15,000.

On October 14, 1997, defendant requested a statement of plaintiff's monetary damages pursuant to Kansas Supreme Court Rule 118. Plaintiff mailed her statement of damages to defendant on October 23, 1997. In that response she claimed $582,000 in damages, and on that basis defendant filed its notice of removal alleging diversity jurisdiction under 28 U.S.C. § 1332. *Defendant's Notice Of Removal To Federal Court* (Doc. # 1) filed November 6, 1997.

The parties have diverse citizenship and plaintiff claims damages in excess of $75,000. *See* 28 U.S.C. § 1332. Plaintiff's motion to remand rests solely on her claim that defendant did not timely remove the action under 28 U.S.C. § 1446(b).[1] Plaintiff claims that defendant was required to file its notice of removal within 30 days after receiving plaintiff's complaint and that "a defendant cannot sit idly by while the thirty day statutory period runs in cases where the complaint does not set forth the amount of the damages

---

1. The statute provides as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

prayed for if the defendant is able to determine from a fair reading of the complaint or other papers that the minimum jurisdiction amount exists."

■ Plaintiff cannot reasonably rely on the first paragraph of Section 1446(b) in support of her motion. Indeed, the Court cannot conceive a clearer situation for invoking the second paragraph of Section 1446(b) than the factual circumstances now before it. It was by no means clear from the face of plaintiff's complaint that she claimed damages in excess of the federal jurisdictional amount. To argue otherwise borders on bad faith.

■ Defendant timely and prudently requested a statement of plaintiff's damages.[2] When it first ascertained that plaintiff sought damages in excess of $75,000, it removed the action within 30 days. Accordingly the removal was proper under 28 U.S.C. § 1446(b). Not only did defense counsel proceed prudently, they followed a procedure which should be more commonly adopted by members of the practicing bar. All too frequently, where a plaintiff's state court complaint does not allege in amount in controversy which exceeds the federal jurisdictional amount, the ensuing notice of removal will likewise fail to properly allege the requisite jurisdictional amount. Removal cannot be based simply upon conclusory allegations. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992). If it is not facially apparent from plaintiff's complaint that the claims exceed $75,000, the removing attorney may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal notice, but sometimes by affidavit—that support a finding of the requisite amount in controversy. *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir.1995); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). If defendant does not have access to information sufficient to support a claim of federal jurisdiction, Kansas Supreme Court Rule 118

provides an excellent vehicle through which jurisdiction may be established or lack of jurisdiction may be confirmed. If more attorneys utilized this procedure, fewer attorneys would be surprised to discover that their cases had been summarily remanded on the Court's own motion under 28 U.S.C. § 1446(c)(4).[3]

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion For Remand* (Doc. # 5) filed December 4, 1994, should be and hereby is overruled.

---

2. Plaintiff's argument also assumes that a request under Rule 118 must be made within 30 days after service. The rule does not so require.

3. Under 28 U.S.C. § 1446(c)(4), the district court is independently required to promptly examine the notice and, if it clearly appears from the face of the notice and any exhibits annexed thereto that removal should not be permitted, make an order for summary remand.