Shirley W. BROWN, Plaintiff,

v.

J. Morgan KEARSE, as Personal Representative of the ESTATE OF Jim GRANT, Defendant.

C.A. No. 9:06–03449–PMD.

United States District Court, D. South Carolina, Beaufort Division.

March 19, 2007.

Mark B. Tinsley, Gooding and Gooding, Allendale, SC, for Plaintiff.

Jennifer Foulk Nutter, Robert H. Hood, Robert H. Hood, Jr., Hood Law Firm, Charleston, SC, for Defendant.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Plaintiff Shirley W. Brown's ("Brown" or "Plaintiff") Motion to Remand. Defendant J. Morgan Kearse, as Personal Representative of the Estate of Jim Grant, ("Kearse" or "Defendant") has timely objected to this Motion. For the reasons set forth herein, the court grants Plaintiff's Motion to Remand.

## BACKGROUND

On January 28, 2004, Plaintiff and Jim Grant ("Grant") were involved in a motor vehicle accident in Jasper County, South Carolina. Plaintiff filed suit against Grant in the Court of Common Pleas, Jasper County, on August 31, 2005. Plaintiff alleges she and Grant were driving in opposite directions when Grant "suddenly and without warning ... turned left in front of Plaintiff's vehicle thereby causing the vehicles to collide." (Compl.¶ 3, Aug. 31, 2005.) She further alleges Grant was "negligent, careless, reckless, grossly negligent, willful and wanton" in several ways including failing to maintain a proper lookout, failing to take evasive action to avoid the collision, and failing to yield the right of way. (Compl.¶ 5, Aug. 31, 2005.) The prayer for relief in that complaint states, "WHEREFORE, Plaintiff prays for judgment against Defendant [Grant] in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably award, for the costs of this action, and for such other and further relief as this Court may deem just and proper." (Compl. at 2, Aug. 31, 2005.)

In a Notice of Removal dated October 18, 2005, filed by Attorneys Robert H. Hood and Robert H. Hood, Jr., Grant removed the case to the United States District Court for the District of South Carolina. The Notice of Removal states,

This action is of a civil nature and involves a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the

sum of Seventy–Five Thousand and no/100ths ($75,000.00) Dollars, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Complaint. . . .

(Notice of Removal ¶ 4, Oct. 18, 2005.) For various reasons, this matter was dismissed without prejudice by stipulation of counsel.

After settlement negotiations failed, Plaintiff again brought suit, this time in the Court of Common Pleas, Hampton County. Plaintiff filed an Amended Complaint on October 2, 2006, in which she named J. Morgan Kearse, as Personal Representative of the Estate of Jim Grant, as the defendant. The substance of this complaint is virtually identical to the complaint filed on August 31, 2005; the main change is the change in the defendant from Grant to Kearse as Grant's Personal Representative. The prayer of the Amended Complaint dated September 29, 2006, states, "WHEREFORE, Plaintiff prays for judgment against Defendant in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably award, for the costs of this action, and for such other and further relief as this Court may deem just and proper." (Am. Compl. at 2–3, Sept. 29, 2006.)

Defendant filed a Notice of Removal in this action on December 8, 2006, over sixty days after Plaintiff served Defendant. The Notice states,

> This action is of a civil nature and involves a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy–Five Thousand and no/100ths ($75,000.00) Dollars, exclusive of interest and costs, as defense counsel Robert H. Hood, Jr. was made aware by conversation with Mark Tinsley on December 7, 2006. . . .

(Notice of Removal ¶ 4, Dec. 8, 2006.) Plaintiff filed a Motion to Remand on December 21, 2006, asserting removal was untimely.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. A district court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction. A defendant who has removed an action to federal court has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* Federal diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . ." 28 U.S.C. § 1332(c)(2); *see also Janeau v. Pitman Mgf. Co.*, 998 F.2d 1009, n. * (4th Cir.1993) (unpublished table decision).

## ANALYSIS

Title 28, Section 1446 governs the procedure for removal of cases:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The Fourth Circuit interpreted this statute in *Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir.1997). In *Lovern*, the plaintiff sued General Motors in state court, arguing the severity of injuries he suffered in an automobile accident was due to the defective design and manufacture of the seat belt in his Pontiac. *Id.* at 161. The initial pleading, served on General Motors on October 21, 1994, sought $500,000 in damages but did not indicate the plaintiff's citizenship. *Id.* On January 3, 1995, General Motors received a copy of the police report on the accident, which revealed the plaintiff's state of residence, and on January 23, 2005, the plaintiff answered General Motors' interrogatories, indicating he was a citizen and resident of Virginia. *Id.* "Eight days after receipt of the interrogatory answers and 28 days after receipt of the police report, General Motors filed a notice of removal ..., asserting diversity jurisdiction under 28 U.S.C. § 1332." *Id.*

The plaintiff in *Lovern* then filed a motion to remand, arguing the defendant did not timely file the notice of removal. *Id.* The district court denied the plaintiff's motion, finding the defendant removed within thirty days after it ascertained the case was removable. *Id.* On appeal,

> Lovern argue[d] that even when the complaint did not on its face reveal a basis for federal jurisdiction, General Motors was bound by the *actual* status

of the parties' citizenship at the time of service of the complaint and was obliged to remove the case within 30 days after service or lose its opportunity to do so. *Id.* at 162. The Fourth Circuit rejected this argument, however, noting that § 1446(b) "expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been *manifested* only by later papers, revealing the grounds for removal for the first time." *Id.* The court continued,

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Id.*

Applying this test to the facts in *Lovern*, the Fourth Circuit affirmed the district court's denial of the motion to remand. *Id.* at 163. The court stated, "[T]here is no doubt that the original pleading did not reveal [the plaintiff's] citizenship and thus did not reveal grounds for removal." *Id.* Because General Motors filed the notice of removal within thirty days of receiving the police report and the plaintiff's answer to interrogatories, the notice was timely filed. *Id.*

■ In the case *sub judice*, it is undisputed that Defendant filed the Notice of Removal more than thirty days after being served with the summons and complaint.[1] Plaintiff seeks remand, arguing "the De-

---

**1.** It is also undisputed that diversity jurisdiction existed when the Amended Complaint was served on October 4, 2006. The dispute centers on whether Defendant knew the amount in controversy exceeded $75,000 such

fendant was aware that diversity jurisdiction existed at the commencement of this action." (Pl.'s Mem. in Supp. at 8.)[2] Defendant opposes this motion, arguing Defendant was not aware of the amount in controversy. (Def.'s Resp. in Opp'n at 2.) The Memorandum in Opposition to Plaintiff's Motion to Remand states,

> We do not dispute that the undersigned Defense counsel was aware diversity may exist at the commencement of this lawsuit and that the amount in controversy may exceed the Court's jurisdictional amount at the time counsel received the pleading on December 4, 2006. However, upon information and belief, the Personal Representative, J. Morgan Kearse who was served with this lawsuit was unaware of the amount in controversy. On December 22, 2006, the undersigned attorney in a telephone call with Morgan Kearse, Esquire con-firmed that Mr. Kearse was not aware of the amount in controversy for this case. As soon as Defense counsel became aware that the amount in controversy still exceeded the jurisdictional amount through conversation with Plaintiff's counsel, this case was removed.

(Def.'s Resp. in Opp'n at 2.) In her Reply, Plaintiff likens this case to one in which the defendant simply fails to pass the pleading to his or her insurance company or attorney within thirty days and states that such a case is not removable. (Pl.'s Reply at 1.) Plaintiff also argues the court should grant her Motion to Remand because Defendant had actual knowledge that the amount in controversy exceeded $75,000. (Pl.'s Reply at 2.)

The facts in the case *sub judice* are indeed unique. Neither party has cited, and the court has not found, a case with similar facts.[3] The prayer for relief in

---

that the notice of removal had to be filed within thirty days of being served with the summons and complaint.

2. The defendant in the action filed on August 31, 2005 was Jim Grant. Between the time the 2005 action was filed and the Amended Complaint was filed in the case *sub judice*, Mr. Grant died, and thus Defendant in this action is J. Morgan Kearse, as Personal Representative of the Estate of Jim Grant.

3. Courts frequently grant motions to remand when the complaint does not specify the amount of damages requested and the defendant removes within thirty days of acquiring knowledge that the amount in controversy exceeds the jurisdictional amount. For example, in *Honeycutt v. Dillard's Inc.*, 989 F.Supp. 1375 (D.Kan.1997), the court denied the plaintiff's motion to remand. In that case, the plaintiff filed action in state court on September 5, 1997; the "complaint alleged $3,000 in present medical expenses and prayed for judgment in an amount in excess of $15,000." *Honeycutt*, 989 F.Supp. at 1376. The defendant requested a statement of damages on October 14, 1997, which the plaintiff mailed on October 23. *Id.* On learning the plaintiff claimed $582,000 in damages, the defendant removed the case. *Id.* The plaintiff then filed a motion to remand solely on the basis that the defendant did not timely remove pursuant to 28 U.S.C. § 1446(b). *Id.* at 1376–77. The court denied the motion to remand, stating,

> It was by no means clear from the face of plaintiff's complaint that she claimed damages in excess of the federal jurisdictional amount. To argue otherwise borders on bad faith.
>
> Defendant timely and prudently requested a statement of plaintiff's damages. When it first ascertained that plaintiff sought damages in excess of $75,000, it removed the action within 30 days. Accordingly the removal was proper under 28 U.S.C. § 1446(b).

*Id.* at 1337; *see also Lee Elec. Constr., Inc. v. Eagle Elec., LLC*, No. 1:03CV00065, 2003 WL 21369256 (M.D.N.C. June 10, 2003) (denying the plaintiff's motion to remand when the prayer for relief stated that the amount in controversy was "(1) in excess of $10,000.00 for breach of contract, including loss of profits; (2) in the alternative, $26,465.00 for quantum meruit; and (3) in excess of $10,000.00 for unfair and deceptive trade practices").

As noted, however, the court has found no case with facts similar to those in the case *sub*

Plaintiff's complaint does not specify a damage amount; the four corners thus do not seem to reveal the amount in controversy. However, the August 31, 2005 complaint, which contained nearly identical allegations, was removed by Defense counsel Robert H. Hood, Jr. on October 18, 1005. That Notice of Removal states,

> This action is of a civil nature and involves a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy–Five Thousand and no/100ths ($75,000.00) Dollars, exclusive of interest and costs, *as appears from the allegations contained in Plaintiff's Complaint.* . . .

(Notice of Removal ¶ 4, Oct. 18, 2005 (emphasis added).) Thus, though the complaint never enumerated the amount in controversy, the 2005 Notice of Removal indicated the complaint did in fact reveal the amount was in excess of $75,000. Despite this statement, Defendant now argues that a complaint with virtually identical allegations did not reveal the amount in controversy exceeds $75,000.

The court is not persuaded by Defendant's argument, and *Lovern* does not mandate remand on these facts. *Lovern* states the court is not *"require[d]* . . . to inquire into the subjective knowledge of the defendant"* but that courts are *"allow[ed]* . . . to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal." *Lovern,* 121 F.3d at 162 (emphasis added). *Lovern* thus does not preclude the court from consider-

ing evidence outside the initial pleading. Even though the complaint does not specifically state that Plaintiff seeks damages in excess of $75,000, Plaintiff submitted evidence that Defendant was in fact aware of the amount of Plaintiff's medical bills. Plaintiff submitted the affidavit of Rhonda F. Lawson, a paralegal at the law firm of Gooding and Gooding, P.A. In the affidavit, Ms. Lawson states she was involved in the appointment of Defendant as Personal Representative of the Estate of Jim Grant. (Lawson Aff. ¶ 1.) Ms. Lawson further states,

> 2. Prior to the appointment of J. Morgan Kearse as Personal Representative of the Estate of Jim Grant, I talked with Morgan Kearse about him serving as Personal Representative in this matter and told him that Ms. Brown's medical bills exceeded $85,000.00.
>
> 3. After the Amended Summons and Amended Complaint were filed and served on Mr. Kearse, I had another conversation with him about acceptance of service, at which time I again explained to him that Ms. Brown had suffered significant injuries from the wreck and that her medical expenses exceed $85,000.00 for those injuries.

(Lawson Aff. ¶¶ 2–3.) Defendant submitted contrary evidence; in an affidavit, attorney Robert H. Hood, Jr. states, "I . . . confirmed in a telephone call with J. Morgan Kearse, Esquire, on December 22, 2006 that he was unaware that the amount in controversy in the above referenced case exceeded $75,000." (Hood Aff. ¶ 3.)

■ In light of the fact that the 2005 Notice of Removal states the virtually

---

*judice,* and the facts in *Honeycutt* are distinguishable. Unlike in *Honeycutt,* the case *sub judice* involves two virtually identical state court actions, one of which was removed within thirty days of the defendant being served with the summons and complaint. In that Notice of Removal, the defendant Grant

stated that the amount in controversy exceeded $75,000, even though the complaint did not list a figure for damages. Furthermore, some evidence exists that Defendant knew Plaintiff's medical bills exceeded the jurisdictional amount.

identical complaint seeks damages in excess of $75,000 and evidence that Defendant was aware Plaintiff's medical bills exceeded $85,000, the court finds remand appropriate. As the United States District Court for the Eastern District of North Carolina stated,

> Defendant bears the burden of establishing the right to removal, including compliance with the requirements of § 1446(b).

> Further, the burden of persuasion rests upon the removing party to show that the action was duly removed, and any substantial doubts as to the propriety of removal must be resolved against the proponents of the federal forum.

*Marler v. Amoco Oil Co.*, 793 F.Supp. 656, 658–59 (E.D.N.C.1992) (citations omitted); *see also Leverton v. AlliedSignal, Inc.* 991 F.Supp. 481, 483 (E.D.Va.1997). "Because the removal statute is to be construed narrowly and against removal, doubts are resolved against the proponent of the federal forum." *Leverton*, 991 F.Supp. at 483 (citations omitted). Applying these standards, and resolving doubts against the proponent of the federal forum, the court grants Plaintiff's Motion to Remand.

### CONCLUSION

It is therefore **ORDERED** for the foregoing reasons that Plaintiff's Motion to Remand is **GRANTED**.

**AND IT IS SO ORDERED.**